(76 South. 39)

### DEVON MFG. CO. v. SOUTHERN EXPRESS CO. (6 Div. 524.)

(Supreme Court of Alabama.   May 17, 1917.)

1. CARRIERS ☞86—CARRIAGE OF GOODS—OBLIGATION TO DELIVER.

An express company rested under an absolute obligation to deliver goods to the consignee.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 316–322.]

2. CARRIERS ☞94(2) — CARRIAGE OF GOODS—ACTION—PLEADING.

In suit against an express company for failure to deliver, since the obligation resting on the carrier to deliver to the consignee was absolute, and since a plea in one of its phases relied for exoneration upon delivery to an agent for the consignee, and in another phase on ratification by the consignee of delivery to a person other than himself, the plea, which did not aver sufficient facts from which to deduce the conclusion either that delivery was made to one authorized by the consignee to receive it, or that delivery was ratified by the consignee after being advised of the facts or acts involved in delivery to another, was defective.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 373–377.]

3. PLEADING ☞208—DEMURRER—SPECIFICATION OF GROUNDS—STATUTE.

Under Code 1907, § 5340, providing that no objection can be taken or allowed which is not distinctly stated in the demurrer, in an action against an express company for failure to deliver, though a plea was faulty in that it did not aver sufficient facts from which to deduce the conclusion that delivery was made to one authorized by the consignee, or that it was ratified by the consignee, the court properly overruled demurrer which did not specify the particular objection, the ground of the demurrer stating that "the allegations of the plea assert mere conclusions of the pleader, and show no facts under [on] which such conclusions are based," not specifying the objection.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 513–519.]

4. CARRIERS ☞94(2)—FAILURE TO DELIVER—PLEADING—CONCLUSION OF LAW.

In an action for damages against an express company for failure to deliver, a plea merely affirming ratification by the consignee of the act of delivery to another was the allegation of a conclusion of law without the averment of facts justifying it.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 373–377.]

5. CARRIERS ☞82—DUTY TO DELIVER—RATIFICATION OF UNAUTHORIZED DELIVERY.

A carrier may perform its duty to deliver by delivery to the consignee's authorized agent, and a consignee may ratify, with knowledge of the facts, a delivery for himself to another who had not been previously authorized to accept delivery.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 299–315.]

6. PRINCIPAL AND AGENT ☞23(2) — ESTABLISHMENT OF AGENCY—EVIDENCE.

Agency may be established by evidence, circumstantial or otherwise, appropriate to the purpose.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. § 41.]

Appeal from Law and Equity Court, Walker County; T. L. Sowell, Judge.

Action by the Devon Manufacturing Company against the Southern Express Company for failure to deliver goods and for a conversion. From a judgment for defendant, plaintiff appeals. Transferred from the Court of Appeals under section 6, Acts 1911, p. 450. Affirmed.

The second plea is as follows:

Defendant says that said W. A. Wilson at the time of the delivery of the goods had but one known place of business, and said goods were delivered to his place of business, and there receipted for by one Kilgore, who had charge of the said place of business; that said goods were of the nature and kind as is sold by a person or persons conducting business of the character aforesaid; that defendant's agent Monteth made a diligent and honest effort to find the consignee, or such person authorized to receive said goods in order to make proper delivery; that said goods were delivered as aforesaid to said Kilgore, who received said goods as agent of said Wilson; and that said Wilson was immediately informed of said delivery, which delivery was ratified by said Wilson.

Gray & Wiggins, of Jasper, for appellant. Bankhead & Bankhead, of Jasper, for appellee.

McCLELLAN, J.   Action for damages by appellant against appellee, a common carrier.

The complaint, as amended, contained three counts.  The first and second counts complain of a failure to deliver certain chattels delivered to the carrier at Chicago by the plaintiff to be transported and delivered by the carrier to W. A. Wilson at Jasper, Ala. The third count, lettered A, charges a conversion of the chattels by the carrier.  The defendant interposed, among others, plea numbered 2.  The plaintiff's demurrer thereto was overruled.  The report of the appeal will reproduce plea 2.

[1] Since the obligation resting on this carrier to deliver the goods to the consignee was absolute (Sou. Exp. Co. v. Ruth, 5 Ala. App. 644, 651, 59 South. 538, et seq., being the response by the Supreme Court to questions certified to it by the Court of Appeals), and since plea 2, in one of its phases, relies for exoneration upon a delivery to an agent for the consignee, and, in another phase, upon a ratification by the consignee of the act of delivering the shipment to a person other than the consignee, it was incumbent upon the pleader to aver sufficient facts from which to deduce the conclusion either that the delivery was made to one authorized by the consignee to receive it, or that such delivery was ratified by the consignee after being advised of the facts or acts involved in the de-

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

200 ALA.—18

livery of the consignment to another than the consignee.

[2] Plea 2 is faulty in both aspects. Of course, if the delivery was made to one authorized by the consignee to receive the goods, there could be no bases for a ratification of the thus authorized act. It is not averred in the plea that Kilgore was authorized by the consignee to accept for the consignee the shipment in question, or that he was generally authorized by the consignee to receive consignments of goods from this carrier. In this aspect of the plea it only alleges a delivery to one who accepted the delivery as the agent of the consignee; and this he might have done without having the slightest authority from the consignee, for whom he purported to act in accepting the shipment.

[3] While the plea was faulty in this respect, there is no ground of the demurrer specifying, as the statute (Code, § 5340) requires, this particular objection to the plea. The sixth ground was possibly intended to take the point; but its reference to the plaintiff, rather than to the consignee, to whose authorized agent an efficient delivery might have been made by the carrier, excludes the possibility that the real objection to the plea, in one of its distinctly dual phases, was in fact specified in the demurrer. The ground stating most generally that "the allegations of the plea assert mere conclusions of the pleader and show no facts under [on] which said conclusions are based," or that the allegations are mere conclusions of law without facts to justify them, manifestly did not specify, as the statute requires, the objection to¹ which reference has been made. Facts, and maybe conclusions, are averred in this feature of the plea; but the fault in the plea is that it carries no averment of authorization by the consignee of Kilgore to receive for the consignee the shipment in question.

[4] The other phase of the plea, merely affirming ratification by the consignee of the act of delivery to Kilgore, was the allegation of a conclusion of law, without the averment of any facts justifying it.

[5] The objection taken by the eighth ground of demurrer expressed the theory of law that ratification of a previously unauthorized delivery could only be afforded by the plaintiff; whereas there can be no doubt that a carrier may perform its duty in such circumstances by delivery to a consignee's authorized agent; and, if so, he may ratify, with knowledge of the facts, a delivery to another for him who had not been previously authorized to accept the delivery. The court did not err in overruling the demurrer to plea 2.

[6] There was no error committed in the ruling on the admission of evidence. Agency may be established by evidence, circumstantial or otherwise, appropriate to the purpose. Republic I. & S. Co. v. Passafume, 181 Ala. 463, 465, 61 South. 327; Hill v. Helton, 80 Ala. 528, 533, 1 South. 340. The facts and circumstances sought and disclosed with reference to Kilgore's relation to the business in question and with reference to the character and physical status of the business and the space in the building in which a part of this consignment might be used or was intended to be used by Wilson, if he was, in fact, then interested therein, all had a bearing upon the issue of Kilgore's agency vel non in respect of the enterprise.' Hill v. Helton, supra.

A careful review of the evidence convinces this court that the conclusions of fact prevailing in the trial court were justified.

No error appearing, the judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.