(106 So. 620)

## HAMMOND v. STEVENS MOTOR CO., INC.
### (6 Div. 765.)

(Court of Appeals of Alabama. Aug. 4, 1925. Rehearing Denied Oct. 27, 1925.)

1. **Pleading** ⊙⟞409(2)—**Formal pleading necessary to introduction of evidence may be waived by acquiescence or introducing evidence.**

Parties to civil causes may waive formal pleading necessary to introduction of evidence in support of special defenses by acquiescence or by introducing evidence.

2. **Appeal and error** ⊙⟞1039(11)—**No reversal for want of replication authorizing evidence as to account between parties, where appellant testified as to whole course of dealing between them.**

Where defendant, after plaintiff made out case in action for purchase price of automobile, testified as to whole course of dealing with plaintiff, judgment for latter will not be reversed for admission of evidence without replication as to account between parties antedating note pleaded in set-off.

Appeal from Circuit Court, Jefferson County; J. C. Hail, Judge.

Action in assumpsit by the Stevens Motor Company, Inc., against C. P. Hammond. From a judgment for plaintiff, defendant appeals. Affirmed.

Petition for certiorari dismissed by Supreme Court in Hammond v. Stevens Motor Co., 214 Ala. 102, 106 So. 621.

Lange & Simpson and M. L. Robinson, all of Birmingham, for appellant.

For proof to be relevant, it must be based upon pleadings, and issues not raised by pleading should not be considered in the decision of the case. 21 R. C. L. 436.

McCollough & Slaughter, of Birmingham, for appellee.

Defendant having opened up the dealings between the parties, there was no error in permitting plaintiff to introduce evidence upon the same matters.

SAMFORD, J. [1] The action was for the purchase price of one automobile. The pleas are the general issue, payment, and two special pleas of set-off; plea 4 claiming for a note dated October 22, 1923, and plea 5 claiming for money loaned on that date. Issue was joined on these pleas. There was verdict and judgment for plaintiff. It is now contended by defendant (appellant here) that the court erred to a reversal in permitting inquiry into an account between plaintiff and defendant antedating the note and transaction of October 22, 1923, for the reason that special defenses must be specially pleaded, and that there is no pleading authorizing such evidence as will ascertain the state of the account between the parties and prior thereto. There is another rule extant in this state, quite as well defined as that insisted upon by appellant, and that is, parties to civil causes may by acquiescence or by the introduction of evidence, waive the formal pleading necessary to its introduction.

[2] On the trial the plaintiff first made out its case by proving the sale and price of the car, and the date of delivery, January 1, 1924. The defendant thereupon offered in evidence note for $720 secured by mortgage on sedan serial 3B 113380, together with other cars securing other notes, both being dated October 22, 1923, and testified that the note for $720 had never been paid. On cross-examination defendant admitted receiving a check from plaintiff dated December 26, 1923, upon which he received the money after due indorsement, amounting to $1,189.67 upon which was a memo:

"Release Ut Exch 3 D 1589: 499.75 Int 455: Sedan 3B 113380 $720.00 Int 5.37 less cr. $40.00."

Whereupon the defendant, on redirect examination, without objection on the part of plaintiff, and in attempted explanation of the check, went into the whole course of dealing between himself and plaintiff covering a period of six or eight months, and as a part of his testimony introduced his memo book of original entries recording the transaction, and testifying in minutest detail as to each transaction. It might be that, if defendant had not by his own testimony gone into the accounting between them, plaintiff would have been held to a special replication of want of consideration or other appropriate answer, as against the note offered by defendant, but, defendant having opened the whole inquiry, plaintiff had a right to present its side of the controversy, and, the issue being thus made and considered by the court on the trial and submission to the jury, this court will not reverse the judgment for the want of a technical replication under which to admit the evidence.

We find no reversible error in the record, and the judgment is affirmed.

Affirmed.