(118 So. 570)

## STEPHENSON BRICK CO. v. BESSEMER ENGINEERING & CONSTRUCTION CO. (6 Div. 18.)

Supreme Court of Alabama. Nov. 8, 1928.

326

Stokely, Scrivner, Dominick & Smith, of Birmingham, for appellant.

Ernest Matthews, of Birmingham, for appellee.

Brief did not reach the Reporter.

GARDNER, J. The Bessemer Engineering & Construction Company instituted this suit against the Stephenson Brick Company to recover a balance due for excavation of a site for the construction of a brick plant for said Stephenson Company at Cordova, and recovered a judgment of one cent. Upon motion of the plaintiff the court set aside the judgment, and granted a new trial. From this order the defendant has prosecuted the appeal.

The defendant insists the plaintiff was not entitled to recover a judgment in any sum, and that there existed therefore no justification for the court to set aside a judgment in its favor on account of its inadequacy in amount. Defendant's most serious conten-

tion to this end is rested upon the theory the evidence disclosed a written contract between the parties which defendant had met by full payment of the price therein stipulated, and that other proof offered by plaintiff, over defendant's objection, was inadmissible for the reason that it was in contradiction of the written contract. The rule contended for is well understood and has been given frequent application in our decisions. Miller Bros. v. Direct Lumber Co., 207 Ala. 338, 92 So. 473; Johnson-Brown Co. v. Produce Co., 212 Ala. 377, 102 So. 606; Bissell Motor Co. v. Johnson, 210 Ala. 38, 97 So. 49; Capitol Lumber Co. v. Millinix, 208 Ala. 266, 94 So. 88; Ex parte South, 205 Ala. 31, 88 So. 221; Ala. Trunk Co. v. Hauer, 214 Ala. 473, 108 So. 339.

But this rule is inapplicable to the case as here presented. There was no written contract signed by the respective parties. There was an offer or proposal in writing submitted by plaintiff to defendant to do the work for a "lump sum price" of 47½ cents per yard.

Plaintiff's contention is that this offer was for earth excavation and not rock, but that if rock was encountered the parties were to agree on a reasonable price therefor. In the written proposal "earth excavation" and "rock excavation" were named, but blank space opposite for the price, followed on the next line by the "lump sum price." There was no written acceptance of this offer, but for the purpose in hand none was necessary if accepted by defendant and acted upon by the parties. "Acceptance of a written contract as such is sufficient though it is not signed by the party accepting it." 2 Williston on Contracts, p. 1225; Manufacturers' & Merchants' Inspection Bureau v. Everwear Hosiery Co., 152 Wis. 73, 138 N. W. 624, 42 L. R. A. (N. S.) 847, Ann. Cas. 1914C, 449. Such an acceptance, however, to become effective as a binding contract must be positive and unambiguous. 1 Williston on Contracts, p. 127. "An acceptance, to be effectual, must be identical with the offer and unconditional." 13 Corpus Juris, 281.

The written proposal was handed an officer of defendant company on the streets in Birmingham, and according to plaintiff's evidence the parties immediately walked a few steps into defendant's office and discussed the same, where it was explained and agreed that the offer was for "earth and shale only" and if solid rock was encountered a reasonable price would be paid for such rock excavation, and with such understanding and agreement plaintiff was instructed to proceed with the work.

If such was the nature of the transaction, the acceptance was not "identical with the offer and unconditional," and therefore was ineffectual as indicating the proposal was the completed contract between the parties, for,

as stated in Williston on Contracts (volume 2, p. 225), "integration depends upon intent."

Defendant's evidence was to the contrary, and to the effect that the written offer was delivered and unconditionally accepted and acted upon, with no such agreement or conversation occurring as outlined in plaintiff's proof. If defendant's version be accepted, the evidence disclosing a full payment of the amount which would be due if the written offer is to control, then the verdict should be for defendant. But the conflicting proof as indicated presented a jury question, and was properly submitted by the court for their determination. The affirmative charge was therefore properly refused.

The other defense insisted upon was that of accord and satisfaction, which rested upon a check forwarded to plaintiff by defendant reciting payment in full accompanied by a letter to like effect. But the evidence offered by plaintiff was to the effect that prior to receiving the funds on said check defendant was seen, and agreement was reached that the feature as to full payment be waived and that plaintiff might cash the check without prejudice to its rights to litigate for the remainder claimed due to it by defendant. Such conversation was denied by defendant, but this also presented a jury question, which was likewise correctly submitted to them by the court.

The question as to the reasonable price for the work was one upon which the evidence was in conflict. Indeed, upon every material feature of the case there was sharp conflict in the evidence. The trial court saw and heard the witnesses, and we are unwilling to hold that his conclusion upon the facts in granting a new trial should be here disturbed. Cobb v. Malone, 91 Ala. 388, 8 So. 693.

We have considered the questions presented by counsel for appellant in brief, and, finding no reversible error, the judgment will be here affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.