156 So.2d 722

**C. C. MOSTELLER**

v.

**Lindsey CRIDER.**

**6 Div. 891.**

Supreme Court of Alabama.

Sept. 26, 1963.

Verbon E. Owen, Cullman, for appellant.

J. Wilfred Tucker, Cullman, for appellee.

**PER CURIAM.**

This is an appeal from a final decree of the circuit court of Cullman County, in equity, establishing a boundary line running north and south between the lots of the parties and ordering a licensed surveyor to place on the line so established a marker or memorial of said line.

The complainant avers that he and respondent are adjoining land owners, "that the line between them is in dispute and that it is necessary for the court to determine the line between the lots and establish a judicial line."

Complainant further avers, following a description by metes and bounds of his lot and that of the respondent, that he has been in the adverse possession of the described lot "since he purchased the same in 1948, and that there is a well defined line between

him and the respondent and has been since the year of 1948, but that some time ago, respondent moved his line down upon. complainant nine (9) feet or more, which would be enough to take in a part of complainant's dwelling, and that the respondent has been trespassing on this part of complainant's lot and is claiming this much of complainant's land."·

The specific relief prayed by complainant is that upon a final hearing, "this court will ascertain from all the evidence where the true line is between the complainant and respondent, and set out and declare the same to be a judicial line, and (your complainant) prays in the alternative if the court is unable to do this without a survey that a competent legal surveyor be appointed by the court to survey and set out the line between the parties, etc."

Respondent admitted in his answer that complainant has been in the adverse possession of his lot described in the complaint since he purchased the same in 1948, but denies that he has encroached upon the lot of complainant and denies trespassing upon the same.

Respondent, by way of cross-bill, alleges that complainant built his house over the line of respondent's lot and prays that the complainant by decree of the court be required to move his house from the respondent's property.

This case was tried on oral testimony adduced before the court. Objections were ruled on by the court, thus indicating that there was no strict observance of the act now listed as Section 372(1), Title 7, Recompiled Code of Alabama, 1958, although the court stated in its decree that it had considered only competent testimony. The testimony offered by complainant to which objection was sustained was not considered by the court, thus inviting here a review as to the correctness of such ruling according to error assigned.

■ Appellant in his brief argues assignments of error 1, 2 and 3 together.

Two of these assignments (1 and 3) are addressed to the refusal of the court to admit certain evidence offered by complainant which appellant contends was pertinent to his claim of adverse possession alleged in the complaint. The second assignment says, "The court erred in ruling that complainant has not established his claim of adverse possession."

These assignments, 1, 2 and 3, all related, are without merit for the reason no factual issue was presented by the pleadings on the question of adverse possession. Complainant in his complaint, as aforestated, described his lot by metes and bounds, and thereafter averred that he "had been in the open, notorious, exclusive, continuous, adverse, peaceable and hostile possession of the *lot above described*, since he purchased it in 1948 * * *." [Emphasis supplied.]

This averment the respondent admitted in his answer.

An issue in dispute by the pleadings is the true west boundary line of complainant's lot which he described—not the adverse possession of some area adjacent to and west of the true boundary line.

The court rightly did not decree on the question of adverse possession. The evidence without dispute shows that complainant is the owner of the described lot by warranty deed from William D. Rowell and wife, dated November 28, 1948, and introduced in evidence. Under the pleadings, as above noted, adverse possession of this lot is not an issue. Ownership of the described lot, whether by adverse possession or by purchase, was not disputed by the pleadings.

■ The evidence introduced or offered by complainant as to his acts of possession of 3 or 4 feet of land outside the boundaries of the described lot owned by complainant was inadmissible and irrelevant for the reason that the complaint contains no allegations as to such ownership. Proof without allegation is as. impotent as.

allegations without proof. Southern Surety Co. v. Mobile Nat. Bank, 223 Ala. 463, 137 So. 297(2).

The appellant in other assignments of error complains that the court erred in admitting the testimony of a licensed surveyor, D. J. Farley, Jr., offered by respondent, as to the location of the true boundary line, running north and south, between the lots of complainant and respondent, because the surveyor had not been appointed by the court "to do the survey and the survey he made would not be admissible."

Appellant, we presume, has in mind sections 5 to 12, inclusive, Title 47, Code of Alabama, 1940, which authorize the trial court, on motion of any party to a suit, to appoint a surveyor to perform certain designated duties for the purpose of fixing and establishing a disputed land line or boundaries between coterminous owners, as here, or of locating the position of a line of the government survey, etc.

We have examined the record and nowhere do we find that the complainant moved the court, except in the alternative, to cause such appointment and survey to be made. There is no compliance by complainant with the prerequisites for such an appointment. The motion for such a survey as the same appears in the complaint was that the appointment be made if the court from the evidence was unable to locate the true line from the evidence. The final decree ascertained the true line from the evidence.

The trial court cannot be held in error for permitting the respondent to offer the evidence of the surveyor, a witness called by the respondent, in support of his contention as to the location of the true line. This witness would not be disqualified to testify just because he was not an appointee of the court pursuant to the aforementioned statutory provisions.

The final decree of the trial court, in paragraph 2, contains a judicial finding as to the true line, north and south, between the lots of the parties, described the same, and then ordered Mr. Farley, the witness, to run a line between the property of complainant and repondent in accordance with the decree, and after establishing the line, to place a marker or memorial of the line so established and report to the court.

It is quite evident that the court believed the testimony of this surveyor-witness as to the location of the line and predicated his order for the marker on such belief.

We see nothing prejudicial to the rights of this complainant in having this surveyor establish a permanent marker in conformity to the decree of the court establishing the location of the line.

The trial court heard the witnesses who testified for both sides as to the location of the true land line. Under such circumstances the trial court's conclusion on the controverted issues, like a jury's verdict, will not be disturbed on review of this court unless contrary to the great weight of the evidence. This rule obtains in equity, as well as at law. Cook v. Taylor, 235 Ala. 63, 177 So. 344.

In view of the above rule and the findings of the trial court we are unwilling to put the trial judge in error in his findings that the complainant's dwelling house is three inches over the boundary line and in ordering its removal in accordance with respondent's prayer in his cross-bill.

We cannot concur in appellant's contention that the decree of the trial court is contrary to the great weight of the evidence.

The decree of the trial court is due to be affirmed and it is so ordered.

The foregoing opinion was prepared by B. W. SIMMONS, Supernumerary Circuit Judge, while serving on the Supreme Court at the request of the Chief Justice, and was adopted by the court as its opinion.

Affirmed.

LAWSON, MERRILL, COLEMAN and HARWOOD, JJ., concur.