273 So.2d 469

**W. B. DAVIS HOSIERY MILL, INC.**

v.

**WORD LUMBER COMPANY, INC.**

**Civ. 92.**

Court of Civil Appeals of Alabama.

Nov. 29, 1972.

Rehearing Denied Jan. 10, 1973.

Charles M. Scott, Ft. Payne, for appellee.

Beck & Beck, Ft. Payne, for appellant.

**494**

HOLMES, Judge.

Appellee, Word Lumber Company, Inc., filed a one-count complaint in the DeKalb County Court, DeKalb County, Alabama, against appellant, W. B. Davis Hosiery Mill, Inc., alleging the sum of $1,251.01 with interest thereon due from appellant by account.

To this complaint, appellant filed several pleas, including a general denial, a plea of payment, and a plea alleging a violation of the Statute of Frauds. Appellee joined issue on the pleas.

The case was tried by the court sitting without a jury. The court rendered a judgment for appellee in the amount of $1,319.76 and this appeal arises from that judgment.

Appellee's case proceeded with the testimony of William Clark, Assistant Manager and Credit Manager of appellee company.

Mr. Clark testified that W. B. Davis Hosiery Mill, Inc., the appellant here, had an account with Word Lumber Company, the appellee, and had been doing business with Word for over twenty years. Mr. Clark identified certain papers and records representing the account of appellant sued on in the case at bar and stated these papers and records were kept in the regular course of business under his supervision, and further stated, based on these papers and records, that the amount of the indebtedness owed by appellant was $1,288.83.

These records were introduced into evidence without objection.

The indebtedness arose from work, labor, and materials supplied by appellee for the repair of a roof located on a certain building.

This witness further stated that appellant always traded with appellee on a monthly basis and always paid their bills.

On cross-examination, Mr. Clark stated that after the roof job was performed, he was informed that it was put on property not belonging to appellant. Mr. Clark also identified appellant's exhibit C as a check in the amount of $257.55 received and cashed by appellee from appellant, which check had the following endorsement:

"[E]ndorsement of this check constitutes acceptance and full payment of all monies due from W. B. Davis Hosiery Mill, Inc."

This check was negotiated by appellee and the face amount of the check credited to appellant's account. This witness further testified, on cross-examination, concerning a letter from W. B. Davis Hosiery Mill (appellant's exhibit B) which accompanied the above mentioned check. We note the following language in the letter:

"We are enclosing our check for all the items due with the exception of the roof work. It seems to me that after all the money we spent on this roof it certainly should have worked at least temporarily, however, it did not cease leaking at all. Although you billed W. B. Davis Hosiery Mill, Inc. for the work on this property on [G]ault [A]venue it is not the property of W. B. Davis Hosiery Mill, Inc."

Appellant has some fourteen assignments of error including the trial court's refusal to grant a new trial; however, from a study of the record and briefs of counsel we conclude that appellant's argument for reversal is based upon three propositions:

1. That the evidence shows that the work which was the basis for the account upon which suit was brought was performed for a corporation, to wit, Tri-Mar, other than appellant corporation, and therefore for appellant to be liable for the debt of another, there must be written authority. Appellant cites to us Tit. 20, § 3,

Code of Alabama 1940, which reads in pertinent part as follows:

"In the following cases, every agreement is void, unless such agreement, or some note or memorandum thereof, expressing the consideration, is in writing, and subscribed by the party to be charged therewith, or some other person by him thereunto lawfully authorized in writing:

. . . . . .

"(3) Every special promise to answer for the debt, default, or miscarriage of another. . . ."

2. That a contract made by an agent without authority in writing from his principal is void under the Statute of Frauds.

3. That appellee, by simply endorsing and depositing the aforementioned check in his bank account, released the appellant from all sums owed from appellant to appellee, appellant citing Tit. 9, § 4, which reads as follows:

"An obligation is extinguished by a release therefrom given to the debtor by the creditor, upon a new consideration, or in writing with or without new consideration."

We are satisfied that none of the above propositions require reversal in this instance, as the testimony is such that the tendencies of the evidence reveal that the work was performed for the appellant at his direction, and the agent directing the appellee to perform such work was acting within the line and scope of his authority.

■ Agency may be proved by circumstances. Devon Mfg. Co. v. Southern Express Co., 200 Ala. 273, 76 So. 39. Mr. Vernon Carroll, an employee of appellee, testified for appellee that he was contacted through his employer by appellant company; that he went to appellant company and talked to appellant's maintenance employee, Mr. Oliver, about roof repair to a certain building.

Together, Mr. Carroll and Mr. Oliver went to a building in another part of town and discussed repairing the building's roof. Mr. Carroll testified that arrangements to repair the roof were agreed to by Mr. Oliver and Mr. Oliver directed that the roof be repaired, signing a piece of paper to that effect (appellant's exhibit A). This piece of paper was introduced into evidence, without objection. Witness Carroll further revealed that the communication center for the people he was dealing with was W. B. Davis Hosiery Mill, the appellant, and that he never heard or knew of the existence of Tri-Mar Corporation.

Appellant's own witness, Mr. Joe, testified that he was employed by W. B. Davis Mill and Secretary-Treasurer of Tri-Mar Corporation and that Mr. Oliver worked for W. B. Davis Mill and for Tri-Mar Corporation.

■ Mr. Oliver testified for appellee that he was employed by W. B. Davis Hosiery Mill and had never heard of Tri-Mar Corporation. Mr. Oliver further testified that he had talked with Mr. McLarty, who had hired him for W. B. Davis Mill, and who had told him to get the roof repaired, (We note that Mr. McLarty is the president of W. B. Davis Mill and accepted service of the complaint in this instance.) and that the agreement or arrangement to get the roof repaired by Word Lumber Company. met the approval of the people he, worked for. There can be no doubt that there was. competent evidence establishing Mr. Oliver as the agent of appellant.. Where instructions to agents are verbal, same may be shown by testimony of agent. Lincoln Reserve Life Ins. Co. v. Fowler, 222 Ala. 348, 132 So. 37; Roberts & Son v. Williams, 198 Ala. 290, 73 So. 502. ·

■ As to authority from appellant authorizing account sued on to be charged, to appellant, it may be stated that an agent's implied authority is that which is proper, usual and necessary to the exercise of the authority expressly granted. Coston-Riles Lumber Co. v. Ala. Machinery & Supply Co., 209 Ala. 151, 95 So. 577; Van Derveer v. Strickland Bros. Mach. Co., 16 Ala.App.

**496**

677, 81 So. 197. Further, it can be stated that an agent's apparent authority is the real authority so far as affects rights of a third party without knowledge or notice. Pearson v. Agricultural Ins. Co. of Watertown, N. Y., 247 Ala. 485, 25 So.2d 164

■ A principal is liable for his agent's acts within the scope of the latter's apparent authority. Atlanta Life Ins. Co. v. Ash, 228 Ala. 184, 153 So. 261.

■ The facts in the case at bar reveal that Mr. Oliver was held out as a maintenance man for appellant company with apparent authority to do that which was necessary and usual in the scope of his employment and was instructed to have the roof repaired. Mr. Oliver made arrangements and agreement with appellee for such repair to be made which met approval of appellant. The court below had ample evidence to find that the authority to have the roof repaired necessarily included authority to have such repair expenses charged to appellant as principal.

The court below having obviously found, upon competent evidence, that the roof repair was contracted by appellant's agent so authorized and for the benefit of appellant, there is no need to consider whether any written authority was required for contract under Tit. 20, § 3(3), Code of Alabama 1940 (Statute of Frauds), or whether it is a situation involving one party answering for the debt of another.

As to the third proposition in this case, appellant argues that the judgment of the court below was in error in that the evidence disclosed that the account prior to suit was paid in full when a check for $257.55 was given to appellee with the aforementioned endorsement.

■ In this instance, a defense under Tit. 9, § 4, Code of Alabama 1940, or Tit. 7, § 381, Code of Alabama 1940, is a defense of accord and satisfaction. These code sections are to be construed as a part of one system of evidence. See National

Life & Accident Ins. Co. v. Karasek, 240 Ala. 660, 200 So. 873.

■ It has long been settled in this state that a plea of accord and satisfaction must be specifically pled. See Elrod v. Trussell, 266 Ala. 383, 96 So.2d 813; 2 Ala.Digest, Accord and Satisfaction, ⊕25(1).

In this matter, accord and satisfaction was not so pled. A plea of payment was interposed.

■ It is further the established law in Alabama that facts constituting an accord and satisfaction cannot be proved under a plea of payment. Smith v. Elrod, 122 Ala. 269, 24 So. 994. We further note that proof without allegation is as impotent as allegation without proof. Southern Surety Co. v. Mobile Nat. Bank, 223 Ala. 463, 137 So. 297; Mosteller v. Crider, 275 Ala. 556, 156 So.2d 722.

■ This court is mindful of the rule of law in this state that parties to civil cases may waive formal pleadings necessary to introduction of evidence in support of special defenses by acquiescence or by introducing evidence. Hammond v. Stevens Motor Co., 21 Ala.App. 154, 106 So. 620, cert. den. 214 Ala. 102, 106 So. 621. However, a careful reading of the entire record shows this rule to be inappropriate in this case.

■ While we are clear to the conclusion that appellant has not pled accord and satisfaction and, therefore, cannot rely on this defense for the first time in this court, we note that it is doubtful that the proof offered would sustain appellant's burden under an appropriate plea of accord and satisfaction. See O'Neal v. O'Neal, 284 Ala. 661, 227 So.2d 430. We further note that in this instance, even under a valid plea of accord and satisfaction, the evidence strongly indicates that such question would be for a jury. See Stephenson Brick Co. v. Bessemer Engineering & Construction Co., 218 Ala. 325, 118 So. 570; Ala.Dig., Accord and Satisfaction, ⊕27, and, in this instance, the trial court.

This matter was heard before the trial court *ore tenus* and every presumption is to be indulged in favor of the finding of the trial judge and his finding will not be disturbed unless palpably wrong. Mason Corp. v. Kennedy, 286 Ala. 639, 244 So.2d 585; Ala.Digest, Appeal and Error, ☜931 (1). In this instance, from the record, we cannot say the court was palpably wrong.

As Mr. Justice Bloodworth stated in Crum v. McGhee, 289 Ala. 244, 266 So.2d 855:

"When a trial judge (as here) refuses to grant a new trial sought on grounds, inter alia, that the verdict is contrary to the great weight of the evidence, or not sustained by the preponderance of the evidence, this court has said no grounds of the motion are more carefully scrutinized. Furthermore, verdicts are presumed correct, and this presumption is strengthened when a new trial is denied by the trial judge. On appeal, our court must review those tendencies of the evidence most favorable to the plaintiff allowing for those inferences which the jury was free to draw. Grandquest v. Williams, 273 Ala. 140, 135 So.2d 391 (1961); 15A Ala.Dig., New Trial, ☜72, 2A Ala.Dig., Appeal & Error, ☜930(1). And, this court has long held that we will not reverse unless 'the preponderance to the evidence against the verdict is so decided as to clearly convince the court that it is wrong and unjust.' Cobb v. Malone, 92 Ala. 630, 635, 9 So. 738, 740 (1891)." (266 So.2d at 859)

Having disposed of all of appellant's assignments of error properly argued and presented (See Ala. Elec. Co-op v. Partridge, 284 Ala. 442, 225 So.2d 848; Cairnes v. Hillman Drug Co., 214 Ala. 545, 108 So. 362), there being no error presented upon which to base a reversal, the judgment of the lower Court must be affirmed.

Affirmed.

WRIGHT, P. J., and BRADLEY, J., concur.