Bay City Construction Company, Inc., ("Bay City"), appeals from a judgment based on a jury verdict awarding damages to Henry Hayes, Sr., on a breach of contract claim. We affirm.
In October 1989, Bay City offered Hayes a job supervising a construction project on a naval base in Charleston, South Carolina. As part of the agreement, Hayes was to receive $15 per hour, expenses, and 20% of the profit from the project. Bay City subsequently entered into a written agreement with the Federal Government, and that agreement incorporated a statement of Hayes's duties.
Before the project in South Carolina was completed, Bay City requested that Hayes supervise a construction project in Alabama. Hayes agreed to supervise the project in Alabama, with the understanding that he was still to receive 20% of the profit from the South Carolina job, as previously agreed. Prior to the completion of both jobs, Hayes entered into a rehabilitation program and was thus unable to supervise the project in Alabama to completion.
In December 1990, Hayes met with Bay City to discuss the percentage of the profits he was to receive from the South Carolina project. Bay City tendered Hayes a $19,984.16 check, telling him that the total profit on the South Carolina project was about $79,000, which was lower than it had anticipated. After that, Hayes received information indicating that Bay City's actual profit on the project was $780,000.
In January 1991, Hayes sued Bay City, alleging breach of contract and fraud. Bay City moved for a summary judgment. The court denied the motion as to the breach of contract, but entered summary judgment as to the fraud count. A jury awarded Hayes $140,050.20, and the court entered a judgment in accordance with that verdict. Bay City appealed.
 I.
Bay City argues that Hayes's claim was barred under the theory of accord and satisfaction. We disagree.
We stated in Leisure American Resorts, Inc. v. CarbineConstr. Co., 577 So.2d 409, 411 (Ala. 1990):
 "An accord and satisfaction is an agreement reached between competent parties regarding payment of a debt the amount of which is in dispute. Limbaugh v. Merrill Lynch, Pierce, Fenner Smith, 732 F.2d 859, 861 (11th Cir. 1984); O'Neal v. O'Neal, 284 Ala. 661, 227 So.2d 430 (1969). There can be no accord and satisfaction 'without the intentional relinquishment of a known right.' Id. at 663, 227 So.2d at 431. *Page 1033 
 "Like any other contract, a valid accord and satisfaction requires consideration and a meeting of the minds regarding the subject matter. Bank Indep. v. Byars, 538 So.2d 432, 435
(Ala. 1988); Farmers Merchants Bank of Centre v. Hancock, 506 So.2d 305, 310 (Ala. 1987); Austin v. Cox, 492 So.2d 1021, 1022 (Ala. 1986); Ray v. Alabama Central Credit Union, 472 So.2d 1012, 1014
(Ala. 1985).
 "Whether the parties have reached an accord and satisfaction is almost always a question for the jury. Austin, 492 So.2d at 1022; Farmers Merchants Bank of Centre v. Hancock, 506 So.2d 305
(Ala. 1987); Stephenson Brick Co. v. Bessemer Eng'g Constr. Co., 218 Ala. 325, 118 So. 570
(1928); W.B. Davis Hosiery Mill, Inc. v. Word Lumber Co., 49 Ala. App. 492, 273 So.2d 469 (1972), cert. denied, 290 Ala. 372, 273 So.2d 474 (1973)."
The record in this case does not reveal a dispute as to the amount due to Hayes. According to the terms of the agreement, Hayes was to receive $15 per hour, expenses, and 20% of the profit on the South Carolina project. When Bay City tendered the $19,984.16 check to Hayes, he expressed reservations about whether the amount of the check was correct; but, he said, because of his outstanding financial obligations, he accepted the check. Hayes's reservations in accepting the check do not evidence a dispute concerning the amount due, as Bay City contends. The dispute is whether Bay City accurately represented that the amount Hayes received was 20% of Bay City's profit from the South Carolina project. The jury could have found from the evidence that Hayes and Bay City had not entered an accord and satisfaction.
 II.
Bay City argues that the contract between it and Hayes violated the Statute of Frauds and was therefore void. We disagree.
Ala. Code 1975, § 8-9-2, provides:
 "In the following cases, every agreement is void unless such agreement or some note or memorandum thereof expressing the consideration is in writing and subscribed by the party to be charged therewith or some other person by him thereunto lawfully authorized in writing:
 "(1) Every agreement which, by its terms, is not to be performed within one year from the making thereof . . . "
This Court stated in Land v. Cooper, 250 Ala. 271, 276,34 So.2d 313, 316 (1948):
 "In [W.P. Brown Sons Lumber Co. v. Rattray, 238 Ala. 406, 192 So. 851 (1939)], this court approved the statement from 25 R.C.L. 454, § 29, that to bring a contract within the operation of this clause of the statute there must be an express and specific agreement that it is 'not to be performed within the space of a year; if the thing may be performed within the year, it is not within the statute, a restricted construction being given to the statute on account of the negative form of the provision. A contract is not brought within the statute by the fact that the full performance within a year is highly improbable, nor by the fact that the parties may not have expected that the contract would be performed within the year. This is said to be true if there is a possibility of its being performed within a year, and there is no stipulation that it shall not be so performed.' (238 Ala. [at] 410, 192 So. [at] 854)."
The parties entered into an oral agreement in October 1989. Under the terms of the agreement Hayes was to supervise the South Carolina construction project, which consisted of the repair of two buildings located on a naval base in Charleston. Hayes's duties under the contract were incorporated into a written agreement between Bay City and the Federal Government. Neither contract stipulated a time frame for the performance of Hayes's duties. Based on the evidence presented at trial, the jury could have determined that the contract between Bay City and Hayes could have been performed within one year and, therefore, that it was not void under the Statute of Frauds.
 III.
Bay City further argues that, notwithstanding the Statute of Frauds, this Court should not enforce the contract because, it *Page 1034 
argues, Hayes failed to substantially perform his part of the contract. We disagree.
We stated in Cobbs v. Fred Burgos Constr. Co., 477 So.2d 335,338 (Ala. 1985), that whether a party has substantially performed a promise under the contract is a question of fact to be determined from the circumstances of each case. Furthermore, "substantial performance" of a contract does not contemplate exact performance of every detail, but performance of all important parts. Mac Pon Co. v. Vinsant Painting DecoratingCo., 423 So.2d 216 (Ala. 1982).
Under the terms of the agreement, Hayes was to supervise the construction project in South Carolina. Before that project was completed, Bay City asked Hayes to supervise a construction project in Alabama. The general contractor for the South Carolina project testified that when Hayes left South Carolina to work on the project in Alabama, the South Carolina project was substantially completed; the general contractor said the project was then complete except for a few items that had been held up by other subcontractors.
Whether Hayes substantially performed his duties under the contract was a question of fact to be determined by the jury. The jury apparently found that Hayes substantially performed the contract, and such a finding would be supported by the evidence.
 IV.
Last, Bay City argues that the trial court erred in granting Hayes's motion in limine to prevent the introduction of evidence concerning his medical problems and financial situation. We disagree. The trial court has broad discretion in evidentiary matters. State v. Askew, 455 So.2d 36
(Ala.Civ.App. 1984). After reviewing the record, we cannot conclude that the trial court abused its discretion.
The judgment is affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, SHORES, HOUSTON, STEAGALL and INGRAM, JJ., concur.
KENNEDY, J., concurs in the result.