192 So. 851

## W. P. BROWN & SONS LUMBER CO. v. RATTRAY.

### 7 Div. 535.

Supreme Court of Alabama.

June 15, 1939.

Rehearing Denied Oct. 12, 1939.

Roger C. Suttle and Hood & Murphree, all of Gadsden, for appellee.

Reed & Reed, of Centre, for appellant.

KNIGHT, Justice.

The plaintiff stated his case against the defendant, on amendment, in four counts.

Counts five, six and seven were common counts, while count four is upon an express contract, resting in parol.

To count four, the defendant filed a number of grounds of demurrer, some taking the point that it is not averred that there was a consideration for the contract, while other grounds take the point that the contract alleged in said count came within the statute of frauds, in that by its terms it was not to be performed within one year from the making thereof.

■ There is no merit whatever in those grounds of demurrer taking the point that the count fails to aver that there was a consideration for the contract. The contract pleaded showed mutual promises, on the part of the plaintiff to cut, haul and saw the defendant's timber into lumber, and on the part of the defendant to pay plaintiff therefor at the rate of $8 per thousand feet of manufactured lumber. This was sufficient consideration to support the contract. Wood et al. v. Lett et al., 195 Ala. 601, 71 So. 177; 13 Corpus Juris, pp. 327–328, § 170. · The court, consequently, properly overruled defendant's demurrer taking the point that the contract, as pleaded, was without consideration.

■ It is next argued that the contract set up, or attempted to be set up, in count four falls within the condemnation of the statute of frauds, and was therefore void. There is likewise no merit in this contention.

■ It is held in this jurisdiction that where it clearly appears on the face of the complaint that the contract or agreement sued on is obnoxious to the statute of frauds, advantage may be taken of the defect by demurrer—Bunch v. Garner, 208 Ala. 271, 94 So. 114—but if such invalidity does not appear on the face of the pleading the benefit of this statute must be asserted by special plea. McDonald v. McDonald, 215 Ala. 179, 110 So. 291; Trammell v. Craddock, 93 Ala. 450, 9 So. 587; Conoly v. Harrell, 182 Ala. 243, 62 So. 511. There is nothing averred in count four to show that the contract sued on was not to be performed within a year from its making, or that it was incapable of performance within that period, according to the intention of the parties. The court, therefore, committed no error in overruling these grounds of defendant's said demurrer.

■ With its demurrers overruled, the defendant filed eight pleas. Plea (1) was the general issue; (2) payment; (3) no consideration; (4) set off and recoupment; and (5), (6), (7) and (8) set up the statute of frauds. While it would seem that pleas 5, 6, 7 and 8 were subject to demurrer in one or more particulars, nevertheless the plaintiff joined issue thereon, without requiring the court to pass upon his demurrers thereto. Thus these pleas must be treated as properly presenting the asserted defense of the statute of frauds.

It is insisted by the defendant—appellant here—that the evidence shows without conflict that the contract which the plaintiff claims he had with the defendant for the cutting, hauling and sawing of the timber into lumber was within the terms of the statute of frauds, and that there could be no recovery under it for any of the claimed damages. This, then, brings us to a consideration of the question as to when an oral contract contravenes the first subdivision of section 8034, viz.: "Every agreement which, by its terms, is not to be performed within one year from the making thereof" is void, "unless such agreement, or some note or memorandum thereof, expressing the consideration, is in writing, and subscribed by the party to be charged therewith, or some other person, by him thereunto lawfully authorized in writing."

Browne on Statute of Frauds, Section 273, says: "That much reasoning has been expended to determine the meaning of the words to be performed as used in the statute and further says, "The result seems to be that the statute does not mean to include an agreement which is simply not likely to be performed, nor yet one which is simply not expected to be performed, within the space of a year from the making; but that it means to include any agreement which, by a fair and reasonable interpretation of the terms used by the parties, and in view of the circumstances existing at the time, does not admit of performance according to its language and intention, within a year from the time of its making."

In Corpus Juris, Vol. 27, p. 182, Section 101, the author of the text states the rule as follows: "Improbability of Performance within Year. An oral contract which is susceptible of complete fulfillment within one year is not void under the statute of frauds because it is merely not likely, or merely not expected, to be performed within that time, or even because it is probable that it will not be so performed. The question is not what the probable, expect-

ed, or actual performance of the contract may be, but whether, according to the reasonable interpretation of its terms, it requires that it should not be performed within the year. Unless the court, looking at the contract in view of the surroundings, can say that in no reasonable probability can such agreement be performed within the year, it is its duty to uphold the contract. But where the improbability of performance is so great or of such a character as to show unmistakably that the parties intended the agreement to last more than one year, the contract is brought within the statute."

This statement of the rule seems to be supported by an array of authorities from the courts of last resort in a number of the states.

In R.C.L. Vol. 25, p. 454, section 29, the general rule on this subject is thus stated: "In order to bring a contract within the infra annum clause, it must appear affirmatively that it is not to be performed within the year, and it has been said that the purpose of the statute is to provide only for a case in which there cannot be an actionable breach within the specified time. So it is the generally accepted rule that to bring a contract within its operation there must be an express and specific agreement not to be performed within the space of a year; if the thing may be performed within the year, it is not within the statute, a restricted construction being given to the statute on account of the negative form of the provision. A contract is not brought within the statute by the fact that the full performance within a year is highly improbable, nor by the fact that the parties may not have expected that the contract would be performed within the year. This is said to be true if there is a possibility of its being performed within a year, and there is no stipulation that it shall not be so performed. If an agreement is capable of being performed within a year, it is not within the statute, although it be not actually performed till after that period, and after the expiration of the year it still remains binding."

In England, as far back as 1832, it was established that where no time was fixed by the parties for the performance of their agreement, and there is nothing in the agreement itself to show that it cannot be performed within a year according to its tenor and the understanding of the parties, it is not within the statute. Donellan v.

Read, 3 B. & Ad. 899, 23 E.C.L. 215, 6 Eng.Rul.Cas. 298; McPherson v. Cox, 96 U.S. 404, 24 L.Ed. 746; Haussman v. Burnham, 59 Conn. 117, 22 A. 1065, 21 Am.St.Rep. 74; Nonamaker v. Amos, 73 Ohio St. 163, 76 N.E. 949, 112 Am.St.Rep. 708, 4 Ann.Cas. 170, 4 L.R.A.,N.S., 980.

In the case McClanahan v. Otto-Marmet Coal & Mining Co., 74 W.Va. 543, 82 S. E. 752, which involved a state of facts very similar to facts of this case, the Supreme Court of Appeals of West Virginia held that an oral contract of employment to cut and deliver all the mine props and ties on a large tract of land, at a stipulated price per hundred to be paid monthly, no time being fixed for the completion of the job, is not within the statute of frauds forbidding actions on contracts not to be performed within a year, unless in writing and signed by the party to be charged or his agent, although the employee expected, at the time he undertook the work, that it would require six years to fully complete the work. In West Virginia clause (f) of the statute of frauds, Code W.Va. 1931, 55-1-1, is identical with the first clause of our statute of frauds.

It appears in this West Virginia case that the plaintiff on cross-examination, in answer to the question as to the length of time it would take him to cut the timber, replied: "I don't hardly know. I did not expect it to take more than five or six years to cut it off." And the court observed that the expectation of the plaintiff that it would take him five or six years to cut the timber did not bring the contract within the statute of frauds; that it could only be said that it, the work, was not likely to be performed, nor expected by the plaintiff to be performed within a year; and that it could not be said that its performance within a year was impossible.

We now turn to our own decisions to find the status of the law here on this subject. Upon examination of our cases we find that this court has held that clause one of Section 8034, which declares void "every agreement which, by its terms, is not to be performed within one year from the making thereof", applies "only to such agreements as do not admit of performance according to their language and intention, within one year from the time they are made. It has no reference to such as may be construed to be capable of performance within that time, accord-

ing to the intention of the contracting parties." Shakespeare v. Alba, 76 Ala. 351.

In the case of Heflin v. Milton, 69 Ala. 354, it was observed by Brickell, C. J.: "The present statute differs in its phraseology from the English statute of 29 Car. 2, and from our statute of 1803. These employed the same words: 'Every agreement which is not to be performed within the space of one year from the making thereof.' The construction placed upon them was, as stated in Browne on Stat. Frauds, § 273, 'that the ·statute does not mean to include an agreement which is simply not likely to be performed, nor yet one which is simply not expected to be performed within the space of a year from its making; but that it means to include any agreement which by a fair and reasonable interpretation of the terms used by the parties, and in view of all the circumstances existing at the time, does not admit of its performance according to its language and intention within a year from the time of its making.' The changed phraseology of the present from the former statute was intended simply to adapt its language to the construction the former statute had received, without enlarging or lessening its operation."

■■ Under the plaintiff's testimony it was open to the jury to find that the agreement, while expressing no specific time within which the contract was to be completed by the cutting, sawing and hauling of the timber, was not incapable of full and complete performance within one year from the time of its making, nor did the contract by its terms prohibit its performance within one year. True it does appear from the plaintiff's testimony that the contract was not likely to be performed, nor did plaintiff expect to perform it within a year from its making. However, the statute only means ·to include an agreement which "by a fair and reasonable interpretation of the terms used by the parties, and in view of all the circumstances existing at the time, does not admit of its performance according to its language and intention within a year from the time of its making."

We, therefore, hold that, under the evidence it was open to the jury, under proper instructions, to find that the contract sued on in count four of the complaint did not fall within the first clause of the Statute ·of Frauds, Section 8934 of the Code.

Under the evidence the defendant was not entitled to the general charge as ·to count four, nor was it entitled to the general charge upon the complaint as a whole.

■ It is also insisted that the court committed reversible error in permitting the plaintiff to read in evidence the several letters and telegrams that passed between plaintiff and defendant, the admission of which over the objections of defendant is made the basis of defendant's assignments of error numbered 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13 and 14. As for any grounds of objection assigned, the court committed no error in admitting said evidence. The objections assigned were that these letters were irrelevant, immaterial, incompetent and selfserving. The letters all had a bearing upon the issues involved in the case, and tended to support plaintiff's testimony.

■ The grounds assigned by defendant in its objections to questions propounded to plaintiff and which are made the basis for assignment of errors 15, 16, 17, 18, 19, 20 and 21 were that the questions called for immaterial, irrelevant and incompetent testimony, and that the contract sued on was within the statute of frauds. Whatever objection, if any, this evidence was subject to, it was not subject to any of the grounds assigned, and hence the court committed no error in overruling said objections.

■ It is also insisted the court committed error in overruling its objections to the following question propounded to plaintiff when testifying in his own behalf: "Tell the court what it cost to feed them (referring to the logging mules) during that time?" (Referring to the time the mules remained idle on account of the claimed breach of defendant of the contract). In addition to the general grounds of objection, and the ground that the contract was void, the defendant assigned the further ·ground: That such cost "is not an element of damages claimed in the complaint." The question was not subject to any of the grounds assigned. As to the last stated ground we may add that the complaint did claim specific damages for the loss sustained by him in the care and maintenance of said mules.

We have examined each of defendant's objections to the several portions of the

testimony given by the plaintiff, and as for any objections assigned and argued here, the court's action was free from error. Hardaway-Wright Co. v. Bradley Bros., 163 Ala. 596, 51 So. 21.

We have heretofore pointed out that the defendant was not entitled to the general charge either on the complaint as a whole, or as to count four thereof.

■ Requested charges 6 and 9, if not otherwise bad, were refused without error for the employment of the term "If you believe," instead of "If you are reasonably satisfied." This we have repeatedly held. Birmingham Belt R. Co. v. Nelson, 216 Ala. 149, 112 So. 422; Cain et al. v. Skillin, 219 Ala. 228, 121 So. 521, 64 A.L.R. 1022; St. Louis-San Francisco R. Co. v. Kimbrell, 226 Ala. 114, 145 So. 433.

■ Charge 7 was also refused without error. This charge, if not subject to other faults, was technically bad in that it was not predicated upon the hypothesis that the jury is reasonably satisfied from the evidence that the plaintiff voluntarily left the employment of the defendant. A court cannot be reversed for its refusal to give a charge that is not expressed in the exact and appropriate terms of the law. Bush v. State, 211 Ala. 1, 100 So. 312.

■ Charge 8 was properly refused. The statute condemns only an oral agreement or contract which, by its terms, is not to be performed within one year from the making thereof. Code, § 8034; Heflin v. Milton, supra.

This brings us to a consideration of defendant's motion for a new trial. We have given this motion, and defendant's argument in support of it, due consideration, and we are unable to affirm error on the part of the court in overruling the motion. Cobb v. Malone, 92 Ala. 630, 9 So. 738.

It only remains to be said that we have considered all questions presented by this record, and here argued for error. We find no reversible errors, and it follows that the judgment appealed from is due to be affirmed. It is so ordered.

: Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.