32 So.2d 380

**ALLEN v. WILSON.**

**7 Div. 904.**

Court of Appeals of Alabama.

Oct. 28, 1947.

Scott & Dawson, of Fort Payne, for appellant.

C. A. Wolfes, of Fort Payne, for appellee.

HARWOOD, Judge.

In the trial below a jury returned a verdict in favor of the plaintiff in a suit on a promissory note made by the defendant and payable to the plaintiff. Defendant's motion for a new trial being overruled he perfected his appeal to this court.

The defendant filed demurrers to the complaint which were overruled. While this action by the trial court was assigned as error by the appellant such assignment was not carried forth in appellant's brief and argument and will therefore be deemed as abandoned.

The defendant below filed four pleas. Pleas 1 and 2 set up that he was not indebted in the manner and form set forth in the complaint, nor in any form. Plea 3 was a plea of payment. Plea A. was as follows: "A. For further answer to the plaintiff's complaint and to each count thereof separately and severally the defendant says that the note here sued on never did become a binding obligation of

the defendant in favor of the plaintiff because at the time of the execution of said note the plaintiff was the holder of a certain note executed on the 15th day of May 1933 by the defendant as principal with J. E. Summerhour as surety and was threatening to bring suit upon the said note against both this defendant and the said J. E. Summerhour. That the defendant executed the note here sued on with the agreement and understanding that it would be in payment of said note executed on the 15th day of May 1933, and delivered it to the plaintiff. At that time the plaintiff brought said note to said J. E. Summerhour and requested that he sign it as surety and the said J. E. Summerhour refused to do so, whereupon the plaintiff refused to deliver said original note and proceeded to bring suit upon said note on the 25th day of November 1938 against both the defendant in this suit and the said surety, the said J. E. Summerhour. That said cause of action No. 1823 in the DeKalb County Court DeKalb County Alabama was prosecuted to a conclusion and a final judgment in favor of the defendants. That the note here sued on represents the same claim and the same indebtedness as the note dated the 15th day of May 1933 here in above set out, and is for the same cause and consideration."

Issue was joined upon the overruling of plaintiff's demurrer filed to Plea A.

The evidence presented below by both sides presents a muddy picture. It is inferable from the evidence however that the note on which this suit is based was given to the plaintiff in lieu of and as covering the balance due on a previous note of defendant payable to the plaintiff on which one Summerour was surety. Summerour refused to sign the second note and the defendant below sought to establish that this second note was delivered to the plaintiff below and accepted by him on the condition that Summerour would sign as surety, otherwise the second note was to be returned. Summerour, as above stated, would not sign the second note. The plaintiff below however kept both notes. He thereafter filed suit against the defendant below and Summerour on the first note. In this action the defendants prevailed. It is inferable from the evidence that the defense in this suit on the first note was based on the proposition that the plaintiff having accepted the second note, the first note was thereby merged into it and novated.

Among the defenses sought to be established in the present suit was that the plaintiff accepted the second note only on the condition that Summerour would sign it as surety, and this condition having failed there was no valid delivery of this second note.

■ On this question of whether the plaintiff below accepted the second note conditionally the evidence is in such conflict that clearly a jury question was raised. The defendant himself, on direct examination, testified as follows:

"Q. Now was it agreed between you and him (plaintiff) that he would accept that note in lieu of the other one? A. Yes, sir."

The note being thereafter delivered the jury was justified in finding an actual delivery even though the plaintiff kept both notes and later filed a suit on the first note.

Appellant's assignment of error No. 2 alleges error in the lower court's refusal to give the general affirmative charge requested by him in writing.

■ As we interpret his argument in support of this assignment the appellant's theory is that the judgment in his favor in the suit on the first note is res judicata of this proceeding. We do not think that such is the law. As stated in 30 American Jurisprudence, Judgments, Section 216: "There are some cases in which a cause of action on an original obligation and the cause of action on an obligation substituted therefor are regarded as the same cause of action, within the meaning of the rule that a judgment constitutes an absolute bar to a subsequent action involving the same claim, demand, and cause of action. Generally, however, the original cause of action, is regarded as different from the substituted cause of action, so that a judgment on the

former does not necessarily bar an action on the latter. In the latter case, the question whether the second action is barred depends upon whether the conclusiveness accorded to findings on particular issues in the earlier action is sufficient to prevent the successful maintenance of the second action. Thus, a judgment for the defendant, on the ground that no indebtedness exists or that it has been discharged, bars a subsequent action to enforce a lien securing the indebtedness. On the other hand, the rule that the second action is not barred prevails, particularly where the ground of the first judgment is that the original indebtedness has been merged in, or extinguished by, the substituted obligation. Of course, if the first action is rendered on a ground not going to the merits, or on the ground that the remedy for the enforcement of the first obligation has been lost, the second action is not barred."

Appellant's assignments of error Nos. 3, 4, 5, and 6 respectively pertain to requested written charges refused appellant in the trial below. All of these charges are predicated on "belief" from the evidence.

■■ The appropriate term to express the measure and quantum of proof essential to establish an issue of fact is that a jury must be "reasonably satisfied" rather than that they "believe." Birmingham Belt R. Co. v. Nelson, 216 Ala. 149, 112 So. 422; Cain et al v. Skillin, 219 Ala. 228, 121 So. 521, 64 A.L.R. 1022; St. Louis-San Francisco R. Co. v. Kimbrell, 226 Ala. 114, 145 So. 433; Kelly v. Hanwick, 228 Ala. 336, 153 So. 269; Goodwyn v. Gibson, 235 Ala. 19, 177 So. 140; W. P. Brown & Sons Lumber Co. v. Rattray, 238 Ala. 406, 192 So. 851, 129 A.L.R. 526. Reversible error will not be predicated on either the giving or refusal of "belief" charges. Birmingham Belt R. Co. v. Nelson, supra, and cases therein cited.

Appellant's final assignment, No. 7, alleges that the lower court erred in overruling his motion for a new trial.

■ Under the legal doctrines covering this case we find no error in the action of the court in the premises. The facts were in conflict. The trial court saw and heard the witnesses. Under the well recognized rule by which this court is governed the judgment of the trial court on the facts will not here be disturbed.

Affirmed.