In this case, Kitsos claimed he was persuaded by John A. Castle, an officer of defendant, to remain with the company in Mobile on the basis of Castle's oral representations that Kitsos would have excellent opportunities for advancement and promotion and a lifetime job with Mobile Gas Service. Kitsos says that as a result he changed his mind, declined the job in Atlanta, removed his house from the market where it was being offered for sale in anticipation of his moving to Atlanta, and remained in Mobile in the employ of defendant.
As is well known, every agreement which, by its terms, is not to be performed within one year from the making thereof, is void unless such agreement, or some note or memorandum thereof expressing the consideration, is in writing and subscribed by the party to be charged therewith or some other person by him thereunto lawfully authorized in writing to do so. Code 1975, §8-9-2. Clearly no written contract or note or memorandum thereof was executed by either of the parties. In order to bring a particular oral contract within the influence of the statute, there must be a negation of the right or possibility to perform it within a year, that is, by its terms it is not to be or *Page 43 
is incapable of being so performed. Land v. Cooper, 250 Ala. 271, 34 So.2d 313 (1948), citing W.P. Brown Sons Lumber Co.v. Rattray, 238 Ala. 406, 192 So. 851 (1939).
Kitsos relies upon an alleged representation that his employment with Mobile Gas Service could be permanent, or for life, as the basis of his contract claim. This representation was allegedly made in 1962, fifteen years before Kitsos was terminated. By its very terms this contract was not intended to be performed within one year. I am not persuaded to conclude that this was a contract without our statute of frauds, by the fact that Kitsos might possibly have died prior to the expiration of a year from the date of the representation. To permit an oral contract to arise from the representation allegedly made in this case and to fix its duration by events rather than by time increments merely because of the possibility, however remote, that a specified event, death of appellant, might occur within a year, would undermine one of the very purposes for which the Statute of Frauds exists. The memory of individuals and the recollection of events fade in time to the extent that there must be some point beyond which oral contracts are not enforceable.
It is clear from the perspective of the present that there is no reasonable way to determine the duration of the alleged contract. I therefore conclude that, as a matter of law, the use of the terms "permanent" or "for life" in a contract for employment is sufficient to negate the intent that the contract be performed within one year.
JONES, ALMON and SHORES, JJ., concur.