Robert Quimby appeals from a summary judgment entered in favor of Memorial Parks, Inc., in an action by a third party seeking compensation for breach of contract. We reverse and remand.
In reviewing a summary judgment, a court is to construe the evidence in the manner most favorable to the appellant and to resolve all doubts against the appellee. Motes v. Matthews,497 So.2d 1121, 1123 *Page 1355 
(Ala. 1986). The evidence, construed in that manner, suggests the following facts:
In 1975, Quimby purchased two cemeteries from Memorial Cemetery Service, Inc., owned by Claude Bryant. The transaction provided in part that Quimby would be responsible for providing and placing memorials that had been purchased from Memorial Cemetery Service pursuant to pre-need contracts. On February 20, 1979, Quimby sold the cemeteries to Memorial Parks, Inc., a corporation formed by David Smart, a former employee of Bryant; Smart had sold pre-need memorials and was knowledgeable in the operation of cemeteries. All Memorial Parks stock, at that time, was held by Smart and his family. The Quimby/Memorial Parks contract did not mention the pre-need contracts, but Quimby ceased providing memorials under the pre-need contracts after the sale, and Memorial Parks serviced the pre-need contracts until this action was filed. In 1986, Smart sold 48% of the Memorial Parks stock to Charles Jackson, an investment broker, and his father. In 1989 the Jacksons acquired the remaining stock and assumed control of the corporation. At that time, on advice of counsel, the Jacksons ran a newspaper notice stating that they would not be responsible for any debts incurred by the previous owner. Numerous individuals began demanding the placement of memorials that had been bought pursuant to the pre-need contracts. A liability analysis was performed and no documents were found that imposed an obligation on Memorial Parks for providing and placing memorials purchased under the pre-need contracts before February 20, 1979. Quimby contended that he had agreed with Smart that Smart would fulfill the pre-need contracts. He said he thought that documents had been drawn to that effect, but they were never found. He contends that there was at least an oral agreement. The trial court entered a summary judgment on the grounds that even if there had been an oral contract between Quimby and Smart, it would be invalid because it would violate the Statute of Frauds.
Rule 56, A.R.Civ.P., sets forth a two-tiered standard for determining whether to enter a summary judgment. In order to enter a summary judgment, the trial court must determine: 1) that there is no genuine issue of material fact, and 2) that the moving party is entitled to a judgment as a matter of law. In determining whether a summary judgment was properly entered, the reviewing court must view the evidence in a light most favorable to the nonmovant. See Turner v. Systems Fuel, Inc.,475 So.2d 539, 541 (Ala. 1985); Ryan v. Charles Townsend Ford,Inc., 409 So.2d 784 (Ala. 1981). Rule 56 is read in conjunction with the "substantial evidence rule" (§ 12-21-12, Ala. Code 1975), for actions filed after June 11, 1987. See Bass v.SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala. 1989). Under the substantial evidence rule, once the movant makes a prima facie showing that there is no genuine issue of material fact, the nonmovant must rebut that showing by presenting "evidence of such weight and quality that fairminded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v.Founders Life Assurance Co. of Florida, 547 So.2d 870, 871
(Ala. 1989). More simply stated, "[a]n issue is genuine if reasonable persons could disagree." Schwarzer, Summary JudgmentUnder the Federal Rules: Defining Genuine Issues of MaterialFact, 99 F.R.D. 465, 481 (1982).
The trial court found that there was no written agreement transferring the duty to fulfill the pre-need contracts from Quimby to Memorial Parks. Quimby contended that he had an oral agreement to that effect with Smart, and that that agreement was evidenced by Smart's fulfillment of the pre-need contracts up until the Jacksons assumed control of Memorial Parks, Inc., in 1989. The trial court held that this was irrelevant, saying that even if there was such an agreement, it would be void as violating the Statute of Frauds.
Under the Statute of Frauds, "[e]very agreement which, by its terms, is not to be performed within one year from the making thereof" is void, "unless such agreement or some note or memorandum thereof expressing the consideration is in writing and subscribed by the party to be charged therewith or some other person by him thereunto lawfully *Page 1356 
authorized in writing." Ala. Code 1975, § 8-9-2(1); see W.P.Brown Sons Lumber Co. v. Rattray, 238 Ala. 406, 192 So. 851
(1939). The trial court held that under this Court's holding inRattray the agreement fell within the Statute of Frauds if the improbability of fulfillment within one year was so great as to show unmistakably that the parties intended that the agreement last more than one year.
In Rattray, the plaintiff and the defendant entered into an oral contract whereby the plaintiff agreed to cut a large quantity of timber and saw it into lumber. The plaintiff was to be paid a certain amount per 1000 feet of lumber. The plaintiff entered upon the performance of the contract; after the plaintiff had cut approximately 700,000 feet of lumber, a dispute developed and the defendant refused to continue with the contract, claiming, among other things, that the contract was within the Statute of Frauds and therefore was unenforceable. This Court, after examining treatises and other authorities, concluded:
 "Under the plaintiff's testimony it was open to the jury to find that the agreement, while expressing no specific time within which the contract was to be completed by the cutting, sawing and hauling of the timber, was not incapable of full and complete performance within one year from the time of its making, nor did the contract by its terms prohibit its performance within one year. True it does appear from the plaintiff's testimony that the contract was not likely to be performed, nor did plaintiff expect to perform it within a year from its making. However, the statute only means to include an agreement which 'by a fair and reasonable interpretation of the terms used by the parties, and in view of all the circumstances existing at the time, does not admit of its performance according to its language and intention within a year from the time of its making.' "
Rattray, 238 Ala. at 411, 192 So. at 855.
This Court held in Rattray that a jury question is presented even if it was not likely that the contract would be completed within one year or even if it was not the intention of the parties that it be completed within one year, so long as it was capable of performance within one year. "[T]he statute only means to include an agreement which 'by a fair and reasonable interpretation of the terms used by the parties, and in view of all the circumstances existing at the time, does not admit of its performance according to its language and intention within a year from the time of its making." Rattray, 238 Ala. at 411,192 So. at 855. "A contract is not brought within the statute by the fact that the full performance within a year is highly improbable, nor by the fact that the parties may not have expected that the contract would be performed within the year."Bay City Construction Co. v. Hayes, 624 So.2d 1031, 1033 (Ala. 1993) (quoting Rattray, supra). Thus, while it may not have been likely that the contract in this case would have been performed within one year the contract and the circumstances did not preclude its performance within one year; thus a jury question is presented. It is just as possible that while the pre-need memorials would not have been required to be provided within one year of the sale, all of the holders of the pre-need contracts could have died, or demand for performance could have been made, within one year of the February 20, 1979, sale. Because this agreement did not fall within the Statute of Frauds, summary judgment was improperly granted.
Memorial Parks also urges this Court to uphold the summary judgment even if the Statute of Frauds is inapplicable. It bases this argument on the parol evidence rule, saying that no extrinsic evidence should be allowed to prove Quimby's assertion that there was another agreement in which Smart agreed to fulfill the remainder of the pre-need contracts.
"The parol evidence rule is based upon the idea that a completely integrated writing, executed by the parties, contains all of the stipulations, engagements, and promises that the parties intended to make, and that all of the previous negotiations, conversations, and parol agreements are merged into the terms of the instrument." Alfa Mutual Insurance Co. v.Northington, 561 So.2d 1041, 1044 (Ala. 1990). The parol evidence *Page 1357 
rule does not apply to every written contract. It applies only when the parties agree, or intend, that the writing shall be their complete agreement. Hibbett Sporting Goods, Inc. v.Biernbaum, 375 So.2d 431 (Ala. 1975). When there is doubt as to whether the parties intended the written agreement to reflect the full agreement, "the courts of this State have not hesitated to admit contradictory evidence of their true agreement." Id. The written agreement at issue makes no mention of the pre-need contracts; it merely states the terms of the transfer of the land on which the cemeteries are located.
REVERSED AND REMANDED.
HORNSBY, C.J., and SHORES and INGRAM, JJ., concur.
BUTTS, J., concurs in the result.
MADDOX, J., dissents.