RICHARD L. HOLMES, Retired Appellate Judge.
Robert E. Quimby appeals from a summary judgment entered in favor of Memorial Parks, Inc. (MPI). This ease is before this court pursuant.to Aa.Code 1975, § 12-2-7(6).
At the outset we would note that this is the second time that this case has been presented for appellate review. For a better understanding of the issue at hand, we would suggest that interested parties refer to the underlying facts, which have been fully cited by our supreme court in Quimby v. Memorial Parks, Inc., 667 So.2d 1353 (Ala.1995).
Briefly, we note that on February 20,1979, Robert E. Quimby conveyed two cemeteries to MPI. According to Quimby, MPI agreed that it would provide and place all memorials that Quimby had sold prior to February 20, 1979. This alleged agreement was not in writing, and MPI denies that it agreed to provide or to place memorials that Quimby had sold prior to February 20, 1979. MPI asserted the affirmative defense of the Statute of Frauds.
On February 4, 1993, the trial court entered a summary judgment in favor of MPI, stating that any oral contract existing between the parties was barred by the Statute of Frauds. Quimby appealed to the supreme court.
In Quimby, the issue before the supreme court was whether the trial court erred in entering a summary judgment in favor of MPI and against Quimby, based on the trial court’s finding that the oral contract was barred by the Statute of Frauds because the contract was incapable of being performed within one year. In resolving the issue, the supreme court relied on W.P. Brown & Sons Lumber Co. v. Rattray, 238 Ala. 406, 192 So. 851 (1939), and stated the following:
“This Court held in Rattray that a jury question is presented even if it was not likely that the contract would be completed within one year or even if it was not the intention of the parties that it be completed within one year, so long as it was capable of performance within one year. ‘[T]he statute only means to include an agreement which “by a fair and reasonable interpretation of the terms used by the parties, and in view of all the circumstances existing at the time, does not admit of its performance according to its language and intention within a year from the time of its making.” ’ Rattray, 238 Ala. at 411, 192 So. at 855. ‘A contract is not brought within the statute by the fact that the full performance within a year is highly improbable, nor by the fact that the parties may not have expected that the contract would be performed within the year.’ Bay City Construction Co. v. Hayes, 624 So.2d 1031, 1033 (Ala.1993) (quoting Rat-tray, supra). Thus, while it may not have been likely that the contract in this case would have been performed within one year the contract and the circumstances did not preclude its performance within one year; thus a jury question is presented. It is just as possible that while the pre-need memorials would not have been required to be provided within one year of the sale, all of the holders of the pre-need contracts could have died, or demand for performance could have been made, within one year of the February 20, 1979, sale. Because this agreement did not fall within the Statute of Frauds, summary judgment was improperly granted.”
Quimby, 667 So.2d at 1356 (emphasis added).
Our supreme court reversed the judgment and remanded the case to the trial court. The case was tried without a jury on October 10, 1995. The record reveals that the issue before the trial court was whether the contract was capable of performance within one year. The trial court entered a judgment in favor of MPI, finding that the “oral agreement entered into by [the parties] ... is void under [the Statute of Frauds].... ” Quimby filed a post-judgment motion to vacate the order, which the trial court denied.
Quimby appeals and contends that the trial court’s finding, that the oral contract violated the Statute of Frauds, is inconsistent with our supreme court’s finding in Quimby (i.e., that the contract did not violate the Statute of Frauds). We agree.
“When a case is remanded to a trial court after a decision on appeal, ‘issues decided by the appellate court become law of the case and the trial court’s duty is to *432 comply with the appellate mandate....’ Walker v. Carolina Mills Lumber Co., 441 So.2d 980, 982 (Ala.Civ.App.1983). The trial court is not free to reconsider issues finally decided in the mandate. Instead,
“ ‘[i]f circumstances arise that cast doubt on the correctness of the law of the case as established on appeal, arguments in support of departure from the mandate must be addressed to the appéllate court,....’
“1B Moore’s Federal Practice ¶ 0.404[10] (2d ed.1983) (citations omitted).”
Erbe v. Eady, 447 So.2d 778, 779 (Ala.Civ.App.1984).
It is obviously clear that the supreme court, in Quimby, determined, as a matter of law, that the oral agreement between Quim-by and MPI “did not fall within the Statute of Frauds.” The trial court apparently noted the first part of the supreme court’s opinion, which states that “a jury question is presented,” and, thus, proceeded to resolve the issue of whether the contract was capable of being performed within one year. However, while noting that a jury question was presented, the supreme court proceeded one step further and applied the law in Rattray to the facts in Quimby and held, as a matter of law, that the oral contract in the instant case “did not fall within the Statute of Frauds.” Thus, the supreme court resolved the issue of whether the contract was capable of being performed within one year.
Because we have determined that the trial court incorrectly interpreted the supreme court’s findings in Quimby (ie., that the oral contract is not violative of the Statute of Frauds), we reverse the judgment and remand the case to the trial court for proceedings consistent with this opinion.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975.
REVERSED AND REMANDED.
All the judges concur.