835 So.2d 134 (2002)
Robert E. QUIMBY
v.
MEMORIAL PARKS, INC.
1010334.
Supreme Court of Alabama.
May 17, 2002.
Bert W. Rice, Atmore; and Charles E. Johns, Jr., Brewton, for appellant.
J. David Jordan of Otts, Moore, Jordan & Coale, Brewton, for appellee.
HOUSTON, Justice.
This matter has been before the appellate courts of this State on two separate occasions. See Quimby v. Memorial *135 Parks, Inc., 667 So.2d 1353 (Ala.1995) ("Memorial Parks I"); Quimby v. Memorial Parks, Inc., 705 So.2d 430 (Ala.Civ. App.1997) ("Memorial Parks II"). Initially, the trial court entered a summary judgment for Memorial Parks, Inc. ("M.P.I."), holding that the oral agreements Robert E. Quimby contended existed between him and M.P.I. were barred by the Statute of Frauds. Upon appeal, this Court reversed the summary judgment and remanded the case, holding that "[b]ecause this agreement did not fall within the Statute of Frauds, summary judgment was improperly granted." Memorial Parks I, 667 So.2d at 1356. Upon remand, the case was tried in the trial court; the trial court found as follows:

"While the Court does not dispute Quimby's contention that he had an oral agreement with [M.P.I.] that [M.P.I.] would be responsible for the placement of all memorials sold prior to February 20, 1979, it is the opinion of the Court that Quimby has not satisfied the burden of proving that the agreement did not come within the Statute of Frauds....
"....
"Accordingly, the Court finds that the oral agreement between Quimby and [M.P.I.] comes within the Statute of Frauds and is, therefore, unenforceable."
(Emphasis added.) The trial court also found "that the oral agreement entered into by Quimby and [M.P.I.] that M.P.I. would be responsible for providing memorials sold by Quimby prior to February 20, 1979, is void under [Ala.Code 1975, § 8-9-2(1)]...." (Emphasis added.)
After the trial court denied a postjudgment motion to vacate the order, Quimby appealed to this Court. Pursuant to Ala.Code 1975, § 12-2-7(6), this Court transferred the case to the Court of Civil Appeals. In its unanimous opinion, the Court of Civil Appeals noted that this Court had previously reversed the judgment of the trial court and that a trial was conducted on remand:
"The case was tried without a jury on October 10, 1995. The record reveals that the issue before the trial court was whether the contract was capable of performance within one year. The trial court entered a judgment in favor of [M.P.I.], finding that the `oral agreement entered into by [the parties] ... is void under [the Statute of Frauds]
Memorial Parks II, 705 So.2d at 431. The Court of Civil Appeals reversed the trial court's judgment, holding that the trial court erred in finding that the oral agreement was void under the Statute of Frauds as being incapable of performance within one year, and remanded the case "for proceedings consistent with this opinion." 705 So.2d at 432.
On remand, the trial court, without hearing any additional evidence and in spite of its previous orders in this case, found that Quimby had not proven that an oral agreement existed between him and M.P.I. However, the trial court had previously found that such an agreement existed, and the law of the case will not permit the trial court to reverse itself:
"According to the doctrine of the law of the case, `whatever is once established between the same parties in the same case continues to be the law of that case, whether or not correct on general principles, so long as the facts on which the decision was predicated continue to be the facts of the case.' Blumberg v. Touche Ross & Co., 514 So.2d 922, 924 (Ala.1987).... Because the trial court entered [its] judgment on the same record as that before the Court of Civil Appeals, the facts on which the Court of Civil Appeals' decision was predicated *136 continue to be the facts of the case, and, therefore, the Court of Civil Appeals' conclusions in its ... opinion are the law of the case."
Ex parte S.T.S., 806 So.2d 336, 341-42 (Ala.2001). The trial court's finding that Quimby and M.P.I. had entered into an oral agreement, as reflected in the Court of Civil Appeals' decision, is the law of the case; the trial court cannot subsequently, under the same facts and based on the same evidence, reverse its findings on remand and hold that no oral agreement existed.
We reverse the judgment of the trial court, and remand for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
LYONS, BROWN, JOHNSTONE, HARWOOD, WOODALL, and STUART, JJ., concur.
MOORE, C.J., and SEE, J., dissent.
SEE, Justice (dissenting).
I disagree with the main opinion's determination that when this case was originally remanded to the trial court, the trial court found as a matter of fact that Quimby and M.P.I. had entered into an oral agreement. Therefore, I must respectfully dissent.
The trial court entered a summary judgment in favor of M.P.I. on February 4, 1993. In its summary-judgment order, the trial court found as a matter of law that "the alleged oral agreement entered into by Quimby and [M.P.I.] that M.P.I. would be responsible for memorials sold by Quimby prior to February 20, 1979 is void under [the Statute of Frauds]." On remand from this Court, the trial court again found that the alleged oral agreement was barred by the Statute of Frauds. The trial court's order stated in pertinent part:
"The alleged oral agreement between Quimby and [M.P.I.] contained no specific time within [which] the agreement was to be completed. Where the agreement expresses no specific time within which the contract is to be completed, it is a jury question as to the capability of complete performance within one year. Cunningham v. Lowery, 45 Ala.App. 700, 236 So.2d 709 (1970). This matter was tried before the [c]ourt without a jury[;] therefore, the [c]ourt becomes the fact-finder in this matter. The burden is upon Quimby to reasonably satisfy the [c]ourt by the evidence that the contract upon which his claim is founded is not void and does not come within the Statute of Frauds. While the [c]ourt does not dispute Quimby's contention that he had an oral agreement with [M.P.I.] that [M.P.I.] would be responsible for the placement of all memorials sold prior to February 29, 1979, it is the opinion of the [c]ourt that Quimby has not satisfied the burden of proving that the agreement did not come within the Statute of Frauds."
Upon a second remand of this case to the trial court, the trial court found that Quimby had not proven that there was an oral agreement between him and M.P.I. The trial court, referring to its order on the first remand, stated that "[o]n September 25, 1996, this [c]ourt issued its ruling again finding that the alleged oral agreement propounded by Quimby was violative of the Statute of Frauds." In a footnote, the trial court states that "[w]hile the [c]ourt does not dispute Quimby's contention that he had an oral agreement with [M.P.I.].... The [c]ourt clarifies that statement herein by pointing out that this [c]ourt ruled on September 25, 1996 that judgment was properly entered for [M.P.I.] based upon this [c]ourt's opinion that the oral agreement alleged by Quimby was void under [the Statute of Frauds]. *137 In other words, the [c]ourt made its ruling as a matter of law, and not of fact." The trial court emphasized that it did not reach the factual issue before it, but ruled in favor of M.P.I. as a matter of law. Further, the trial court stated that "[i]t was not the intention of this [c]ourt in its order of September 25, 1996 to rule, as a matter of fact, that Quimby did have an oral agreement with [M.P.I.]. To state otherwise is a misinterpretation of this [c]ourt's prior ruling."
The main opinion relies on the doctrine of the law of the case to hold that, because the trial court previously found that there was an oral agreement, the law of the case will not permit the trial court to reverse itself. See Ex parte S.T.S., 806 So.2d 336, 341-42 (Ala.2001). I do not read the trial court's initial order entering a summary judgment for M.P.I., or its September 25, 1996, order, to state as a finding of fact that an oral agreement existed. Indeed, in its final order, the trial court clarified that it had made no such factual finding. Because I do not conclude that the trial court found the existence of an oral contract, I see no occasion to apply the doctrine of the law of the case. Accordingly, I would affirm the trial court's finding that Quimby had failed to meet his burden of proving that there was an oral agreement between Quimby and M.P.I.
MOORE, C.J., concurs.