MOORE, Judge,
dissenting.
On original submission, this court, in describing the convoluted procedural history of this case, stated:
“On May 30, 2012, [S.C.,] the maternal grandmother[,] filed a ‘Petition to Intervene and For Custody’ in the action relating to each child. The petitions specifically allege that the children are dependent as to [C.G.,] the mother[,j and the biological father and acknowledged that the children might be in the temporary custody of S.L.M.; however, the petitions do not specifically allege that the children are dependent while in S.L.M.’s custody. The trial court held a hearing on the petitions and heard testimony ore tenus from all parties. No party objected to the proceedings, which were in the nature of a hearing as to the dependency of the children, not a custody-modification hearing.”
S.L.M. v. S.C., 171 So.3d 656, 659 (Ala.Civ. App.2013) (emphasis added). The above excerpt indicates that this court determined on original submission that the Eto-wah Juvenile Court (“the trial court”) had conducted an adjudicatory hearing to determine the dependency of S.D.A. and R.D.A. (“the children”), see § 12-15-310(a), Ala.Code 1975, “not a custody-modification hearing.” 171 So.3d at 659.
This court further concluded on original submission that the trial court had failed to comply with Rule 25 of the Alabama Rules of Juvenile Procedure, which relates to the findings a juvenile court must make following an adjudicatory hearing on dependency. See Rule 25(A), Ala. R. Juv. P. This court stated:
“As a threshold matter, the trial court’s August 2012 order does not make the required finding as to whether the children were dependent as of the time of the hearing rather than when the trial *671 court made its initial determinations in the actions into which the maternal grandmother petitioned to intervene, and, moreover, the order fails to identify the specific grounds to support a finding of dependency pursuant to § 12-15-102(8)[, Ala.Code 1975].
“Because there had been an explicit prior determination that R.D.A. was dependent and an implicit determination of dependency as to S.D.A., the trial court was required to determine, by clear and convincing evidence, whether, as of the time of the hearing, the children were dependent while in the custody of their respective custodians — i.e., S.L.M. for S.D.A. and S.L.M. and R.S.M. for R.D.A. A finding of dependency must be made separately as' to each child before the trial court may determine whether the maternal grandmother should have custody. The trial court’s August 2012 order is hot sufficient to infer that such determinations of dependency have been made.”
171 So.3d at 663 (emphasis added). In other words, this court determined that the trial court, following an adjudicatory hearing in a dependency proceeding, had failed to make a finding that the children were currently dependent in the custody of S.L.M. and R.S.M., a finding necessary to sustain its judgment awarding the maternal grandmother custody.
Based on those two conclusions, this court remanded the case for the trial court to make the appropriate dependency findings necessary to sustain its custody disposition, stating:
“Therefore, we remand this cause to the trial court for it to make, based on the existing record, the written findings required by Rule 25(A), Ala. R. Juv. P., as to whether each child is dependent as to her custodian or custodians and, if so, identifying the grounds supporting the findings of dependency. If the trial court finds that the child was not dependent as to her custodian or custodians, the petition should be dismissed as to that child.”
171 So.3d at 663. We remanded the case to the trial court solely for the purpose of either (1) finding the children dependent in the care of S.L.M. and R.S.M., in which case this court, on return to remand, would review the evidence to determine if clear and convincing evidence supported that determination, see Ex parte McInish, 47 So.3d 767, 778 (Ala.2008), or (2) finding that the childreh were not dependent in the care of S.L.M. and R.S.M., in which case the trial court was instructed to dismiss the actions filed by the maternal grandmother.
“ ‘It is the duty of the trial court, on remand, to comply strictly with the mandate of the appellate court according to its true intent and meaning, as determined by the directions given by the reviewing court. No judgment other than that directed or permitted by the reviewing court may be entered.... The appellate court’s decision is final as to all matters before it, becomes the law of the case, and must be executed according to the mandate....’”
Ex parte Alabama Power Co., 431 So.2d 151, 155 (Ala.1983) (quoting 5 Am.Jur.2d Appeal and Error § 991 (1962)). Hence, on remand, the trial court was obligated to make one of the two findings mandated by this court and to return the matter to this court upon making one of those two findings. The trial court did not do that.
On remand, the trial court determined (1) that the maternal grandmother had not filed dependency petitions, but, rather, had filed custody-modification petitions; (2) that it had treated and tried the case solely as a custody-modification proceeding; (3) that, because the maternal grandmother had filed only custody-modification petitions, a finding of dependency was not *672 necessary to transfer custody of the children from S.L.M. and R.S.M. to her; (4) that the custody-modification standard set forth in Ex parte McLendon, 455 So.2d 863 (Ala.1984), applied to the case; and (5) that the maternal grandmother had met the McLendon standard. Not only did the trial court fail to follow our directive to make an express determination as to the dependency of the children, the trial court directly contradicted our holding that the case was not a custody-modification case as a reason for avoiding our mandate. However, the trial court was not free to reconsider that issue, which had already decided by this court, Ex parte S.T.S., 806 So.2d 336, 341 (Ala.2001), or to enter, on remand, a judgment that would “ ‘render meaningless the decision of the [appellate court] in the first appeal.’ ” Alfa Mut. Ins. Co. v. Nationwide Mut. Ins. Co., 684 So.2d 1295, 1302 (Ala.1996).
Rather than correct the trial court, this court, in its opinion on return to remand, see S.L.M. v. S.C., 171 So.3d 656, 664 (Ala.Civ.App.2013), reviewed the judgment for the first time as a custody-modification determination and affirmed it. That we cannot do. “[WJhatever is once established between the same parties in the same case continues to be the law of that case, whether or not correct on general principles, so long as the facts on which the decision was predicated continue to be the facts of the case.” Blumberg v. Touche Ross & Co., 514 So.2d 922, 924 (Ala.1987). The law-of-the-case doctrine “will not permit the trial court to reverse itself.” Quimby v. Memorial Parks, Inc., 835 So.2d 134, 135 (Ala.2002). Having already determined that this matter involves a judgment from dependency proceedings, this court could not subsequently conclude otherwise, even if it was convinced that it had erred in its earlier determination.
Although the trial court has not yet complied with our mandate, I find no need to remand the case again. I agree with Judge Thomas’s dissent on original submission that the record contains no evidence, much less clear and convincing evidence, indicating that the children are dependent in the care of S.L.M. and R.S.M. 171 So.3d at 663 (Thomas, J., dissenting). Therefore, I would grant S.L.M. and R.S.M.’s application for rehearing, I would reverse the trial court’s judgment, and I would direct the trial court to dismiss the maternal grandmother’s dependency petitions. In so doing, this court would preserve the stability of these young children by keeping them in an indisputably suitable home with two undeniably commendable and caring custodians[1] instead of uprooting them to live with complete strangers,[2] although ones related by blood, in an unknown environment.[3]
THOMAS, J., concurs.

.The record indicates that the younger child was born premature with less than a 5% chance of surviving, but S.L.M. attended to her throughout her infancy and has continued, along with R.S.M., to assure that her medical needs are met. Furthermore, I conclude that the record does not support a finding that S.L.M. or R.S.M. has ever allowed the mother to be around the children while using drugs, as the trial court implied in its order on remand.

. The maternal grandmother testified that she had never seen the children. The record also disclosed that the older sister of the children, who resides with maternal grandmother, had never met the children, although she had seen photographs of them.

. The children have lived in the Gadsden area their entire lives. . The maternal grandmother lives in Waco, Kentucky.