# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 14-328


JAN L DOMINGUES GUILBEAU

VERSUS

A. RAY DOMINGUES, SR.


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF VERMILION, NO. 96280
HONORABLE MARILYN CARR CASTLE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## JOHN D. SAUNDERS
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Billy Howard Ezell, and J. David Painter, Judges.


**AFFIRMED.**


James Paul Lambert
Attorney at Law
P. O. Box 53083
Lafayette, LA 70505-3083
(337) 261-3737
COUNSEL FOR PLAINTIFF/APPELLANT:
    Jan L. Domingues Guilbeau

**Henry Camille Perret, Jr.**
**Perret Doise L.L.C.**
**P. O. Box 53789**
**Lafayette, LA 70505**
**(337) 593-4900**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **A. Ray Domingues, Sr.**

**Adam G. Young**
**Attorney at Law**
**315 S. College Road, Suite 163**
**Lafayette, LA 70503**
**(337) 261-8800**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Jan L. Domingues Guilbeau**

**SAUNDERS, Judge.**

This suit arises out of a transfer of stock from a daughter to her father. A. Ray Domingues, Sr. (hereafter "Appellee") originally transferred the stock to Jan Domingues Guilbeau (hereafter "Appellant"), his daughter. Appellant then transferred the stock to her father in a written dation en paiement. Appellant filed a Petition for Declaratory Judgment, seeking declaration that she was the lawful owner of the stock. In her Petition, she asserted the transfer was intended to have no effect between the parties and was confected to protect the stock from her potential creditors. Appellee filed a motion for summary judgment, asserting the "clean hands doctrine" prevented the return of the shares to Appellant and that the dation was not a simulation because consideration was given for the transfer and the stock was delivered. The trial court granted Appellee's motion for summary judgment, finding that the transfer was not a simulation. On appeal, Appellant asserts the trial court erred in finding the dation was valid. Although not addressed by the trial court, Appellant further asserts that the doctrine of "unclean hands" does not preclude Appellant from recovering the shares. For the reasons that follow, we affirm the trial court's grant of summary judgment.

## FACTS AND PROCEDURAL HISTORY

Appellee is the founder of Ray Chevrolet-Olds, Inc. He has given a large portion of the corporation's stock to his children, including Appellant, who is his daughter. Over the course of several years, Appellee loaned Appellant a total of $450,000, of which $100,000 was repaid. Appellant also accumulated approximately $800,000 in additional debt to multiple other creditors. In late 2009 or 2010, Appellant and Appellee executed a written document entitled "Datien en Paiement" purporting to transfer the stock to Appellee to cancel the remaining debt of $350,000.

Several years after the execution of the dation, Appellant asked Appellee to return the stock to her. When Appellee refused to return the stock, Appellant filed a Petition for Declaratory Judgment against him on October 31, 2012, asserting the transfer was a simulation and its true purpose was to place her stock beyond the reach of potential judgment creditors.

On November 19, 2012, Appellee filed an exception of no cause of action, asserting the "clean hands doctrine" prevented Appellant from rescinding the dation, on the grounds that Appellant judicially confessed to the illicit purpose of the transfer in her petition for declaratory judgment. Instead of ruling on the exception, the trial court gave the Appellant opportunity to amend her petition. Following her amendment, Appellee filed a motion for judgment on exception of no cause of action, alleging Appellant failed to curatively amend her original petition. The trial court denied the exception. On September 5, 2013, Appellee filed a motion for summary judgment, asserting basically the same thing as Appellant in her petitions ---that she had transferred the stock to Appellee for the purpose of placing it out of the reach of her creditors---and, consequently, because the purpose was illicit, that Appellant was precluded from recovery. Additionally, Appellee asserted that the dation was valid. The trial court granted summary judgment in Appellee's favor, finding that the dation was a valid transfer because the transfer had actually taken place, consideration for the transfer had been given, and the debt was extinguished. It is from this judgment that this appeal arises.

ASSIGNMENT OF ERROR

In her appeal, Appellant asserts the trial court erred in finding that the parties' transaction was a valid transfer and not a simulation.

2

<u>SUMMARY JUDGMENT STANDARD</u>

Summary judgments are subject to a de novo review. *Covington v. McNeese State Univ.*, 08–505 (La.App. 3 Cir. 11/5/08), 996 So.2d 667, *writ denied*, 09–69 (La. 3/6/09), 3 So.3d 491. "The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action. . . . The procedure is favored and shall be construed to accomplish these ends." La.Code Civ.P. art. 966(A)(2). A motion for summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, admitted for the purposes of the motion for summary judgment, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(B)(2). The movant bears the burden of proof on the motion.

However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant need not negate all essential elements of the adverse party's claim, action, or defense, but rather must point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. La.Code Civ.P. art. 966(C)(2). *Thibodeaux v. Lafayette Gen. Surgical Hosp., LLC*, 09-1523 (La.App. 3 Cir. 5/5/10), 38 So.3d 544.

<u>SIMULATION</u>

Generally, the party alleging a simulation must prove it with reasonable certainty. *Pine Prairie Energy Ctr., LLC v. Soileau*, 14-5 (La.App. 3 Cir. 6/11/14), 141 So. 3d 367 (citing *Thompson v. Woods*, 525 So.2d 174 (La.App. 3 Cir. 1988));

3

*See also Entergy Louisiana, Inc. v. Kennedy*, 03-0166 (La.App. 1 Cir. 7/2/03), 859 So.2d 74, *writ denied*, 03-2201 (La. 11/14/03), 858 So.2d 430.

Both the parties' signatures appear on a document entitled "datien en paiement." The document recited that "appearers are justly and truly indebted unto A. Ray Domingues, Sr. in the full and true sum of THREE HUNDRED FIFTY THOUSAND AND NO/100THS ($350,000) DOLLARS, plus accrued interest, by virtue of the money loaned" and listed the dates of the loans. The dation also indicated that two of the loans were represented by two promissory notes made by Appellant and her husband. The document further stated that appearers "wish[ed] to be released from the indebtedness and to reimburse [Appellee] for the indebtedness. . . do hereby make unto [Appellee a] datien en payment, hereby transferring, conveying, delivering and setting over…THE FOLLOWING STOCK CERTIFICATES OF RAY CHEVROLET-OLDS, INC." and listed several stock certificates. Finally, the document stated "[t]his transfer and conveyance . . . is made and accepted for and in consideration of the indebtedness. . . and is received by [Appellee] in full acquitance [sic] and discharge. . . of the indebtedness." Appellant filed a petition for declaratory judgment against Appellee seeking to have the purported dation declared a simulation.

"Giving in payment is a contract whereby an obligor gives a thing to the obligee, who accepts it in payment of a debt." La.Civ.Code art. 2655. In a dation, "the consideration (cause) is the remission of the preexisting indebtedness." *Univ. Props. Corp. v. Fid. Nat. Bank of Baton Rouge*, 500 So.2d 888, 893 (La.App. 1 Cir. 1986), *writ denied*, 501 So.2d 762 (La.1987). Delivery is required to perfect a simulation. La.Civ.Code art. 2656.

"A contract is a simulation when, by mutual agreement, it does not express the true intent of the parties." La.Civ.Code art. 2025. A counterletter is a separate

writing which expresses the true intent of the parties. *Id.* "A simulation is absolute when the parties intend that their contract shall produce no effects between them. That simulation, therefore, can have no effects between the parties." La.Civ.Code art. 2026. However, if any consideration is given for the transfer, it is not a simulation. *Pine Prairie*, 141 So.3d 367.

WAS THERE CONSIDERATION?

Appellant argues that the sums of money given to her by Appellee, two of which are represented by promissory notes, are gifts, not loans. In support of her argument, she produced an affidavit which states "[t]he debt that the *Dation* purported to forgive was not a real debt, but a gift from my father to me" and deposition testimony in which she arguably asserts that she thought the transfers of money were gifts. However, she also testified that she intended on paying Appellee back. In his affidavit and testimony, Appellee asserts the sums of money given to Appellant were loans. Furthermore, Appellee presented two promissory notes in support of his argument that the sums of money given to Appellee were loans. Additionally, the dation was reduced to writing and the discharge of the purported loans was recited as the requisite consideration.

Generally, parol evidence is inadmissible "to negate or vary the contents of an authentic act or act under private signature." La.Civ.Code art. 1848. However, there are exceptions to this general rule. Parol evidence "may" be admitted "in the interest of justice . . . to prove such circumstances as a vice of consent." *Id.* Further, La.Civ.Code art. 1849 provides "testimonial or other evidence may be admitted to prove the existence . . . of a simulation." The word 'may' is permissive. *McGlothlin v. Christus St. Patrick Hosp.*, 10-2775 (La. 7/1/11), 65 So.3d 1218. Thus, this article does not require the admission of parol evidence. Instead, it gives the court discretion to reject testimonial proof and to require

5

written evidence. *Bennett v. Porter*, 10-1088 (La.App. 3 Cir. 3/9/11), 58 So.3d 663 (citing *Sonnier v. Conner*, 43,911, p. 14 (La.App. 2 Cir. 12/3/08), 998 So.2d 344, 354, *writ denied*, 09–309 (La. 4/3/09), 6 So.3d 773("The new codal exceptions to the parol evidence rule in the second sentence of Article 1848 are not, however, absolute. The offered evidence 'may' only be admitted 'in the interest of justice,' giving the court discretion to reject testimonial proof, and to require written evidence, which in the case of a simulation would be a separate writing or counterletter.")) Under these circumstances, we consider any parol evidence which might be offered to negate the contents of the dation and the debt which supports it to be inadmissible.

Appellant executed two promissory notes and a dation, each reciting that she owed Appellee substantial debt. She now seeks to negate the contents of each of these documents, relying heavily on her affidavit and testimony. She has not produced a counterletter to the dation. We do not feel that she should now be permitted to negate the contents of *three* acts under private signature through her own self-serving affidavit and testimony. Under these facts, her self-serving affidavit and testimony are insufficient to raise a genuine issue of material fact and, thus, Appellee was entitled to judgment as a matter of law.

DELIVERY OF THE SHARES

Appellant asserts that the dation was not perfected on the grounds that delivery did not occur because Appellee was not put into possession of the actual stock certificates. Having concluded that Appellant's parol evidence is inadmissible to negate the contents of the two promissory notes and the dation and, thus, that consideration was given for the transfer of the stock, Appellant's claim that the dation was a simulation has been negated. Thus, there is no need to address whether delivery of the shares occurred.

## UNCLEAN HANDS

Appellee also asserts that there was no dispute of material fact that the stock was transferred for an illicit or immoral purpose, precluding Appellant from recovering it and, as a result, summary judgment in favor of Appellee was proper. We agree. For the reasons that follow, even if one chooses to believe Appellant's affidavit and testimony that the dation was a fiction and that the underlying debt was not real, Appellant is, nonetheless, precluded from recovering the stock from Appellee.

"[A] performance rendered under a contract that is absolutely null because its object or its cause is illicit or immoral may not be recovered by a party who knew or should have known of the defect that makes the contract null." La.Civ.Code art. 2033. Under this article, a debtor is not permitted to transfer property to someone else for the illicit purpose of secreting it from potential creditors. *Dugas v. Dugas*, 01-669 (La.App. 3 Cir. 12/26/01), 804 So.2d 878, *writ denied*, 02-0652 (La. 5/24/02), 816 So.2d 307. As we explained in *Redar, LLC v. Rush*, 09-1417, p. 11 (La.App. 3 Cir. 11/17/10), 51 So.3d 859, 868, *writs denied*, 10-2784, 10-2832, 10-2833, 10-2869 (La. 3/25/11), 61 So.3d 662 (citing *Griffith v. Latiolais*, 09-824, pp. 24-25 (La.App. 3 Cir. 3/3/10), 32 So.2d 380, 396, *reversed in part on other grounds*, 10-754 (La. 10/19/10), 48 So.3d 1058), the clean hands doctrine is "'alive and well in Louisiana'" and prevents a litigant from maintaining an action if he must rely, even partially, on his own illicit or immoral act to establish a cause of action. This article applies even if the transfer is made after cause of action has accrued, but before a creditor files a suit or obtains a judgment. *Dugas*, 816 So.2d 307. However, under La.Civ.Code art. 2033, "[t]he performance may be recovered . . . when that party invokes the nullity to withdraw from the contract before its purpose is achieved."

7

This record is replete with facts which clearly demonstrate that Appellant transferred the stock to Appellee in order to avoid potential seizure by her creditors and that the dation was intended to have no effect. Appellant asserts this argument in multiple pleadings, interrogatories, an affidavit, and deposition testimony. Appellant seemingly attempts to soften this blow by adding that an additional purpose of the transfer, if any, was to secure repayment of the loans to Appellee, her father. Regardless of whether one believes that she did not owe her father any debt or that an additional purpose of the transfer was to secure the repayment of the debt to her father, what is clear is that the primary purpose of the transfer was to avoid seizure of the stock by her creditors. Not only does she now ask this court to reward her attempt to secrete her assets from them, but she also seeks to have the underlying debt to Appellee, her father, declared null. Such a result cannot be tolerated. The "clean hands doctrine" is tailor-made to these facts, and we affirm the trial court's grant of summary judgment on this ground.

Appellant contends that she should be allowed to recover the stock because the illicit or immoral purpose of the transfer has not yet been achieved because she still has not paid her creditors. We disagree. Appellant testified, "[b]ecause the next time that I went back to him and I said, 'I want my shares back now, Dad, now. I'm not filing bankruptcy, I'm not in jeopardy, I'm going to handle my creditors.'" By her own admission, she was no longer in jeopardy of losing her shares. Her illicit purpose was achieved; the danger her creditors posed had passed. Only after she felt the danger of seizure had subsided did she attempt to rescind the transfer.

Given Appellant's own testimony, it is clear that the transfer of her stock was for an illicit and immoral purpose --- to shield her assets from her anticipated creditors --- and that the purpose had been achieved. Accordingly, application of

La.Civ.Code art. 2033, the doctrine of "unclean hands," is appropriate in this case. Appellant cannot now reclaim her stock. Thus, we find that there is no dispute on this issue, and summary judgment in favor of Appellee was proper.

CONCLUSION

Appellant transferred her stock in Ray Chevrolet-Olds, Inc. for the admitted purpose of making it unavailable to her creditors for seizure. After the danger of seizure admittedly passed, she sought to undo the transfer and have the stock returned to her. When Appellee refused, she filed suit against him. He countered with a motion for summary judgment asserting that because the transfer was made for an illicit or immoral purpose, Appellant could not seek return of the stock. The trial court granted the motion for summary judgment, finding that there had been consideration for the stock transfer. We agree. We also find that La.Civ.Code art. 2033 supports the trial court's grant of summary judgment in favor of Appellee. Therefore, the judgment of the trial court granting Appellee's motion for summary judgment is affirmed. All costs of this appeal are assessed to Appellant.

**AFFIRMED**